**Merle BUNCH et al.**

**v.**

**Donald BARNETT, etc., et al.**

**Civ. No. 73–5094.**

United States District Court,
D. South Dakota.

April 12, 1974.

See also, D.C., 376 F.Supp. 23.

Michael Wolff, Black Hills Legal Services, Rapid City, S. D., for plaintiffs.

George Beal, Charles J. Mickel, Rapid City, S. D., William F. Clayton, U. S. Atty., Sioux Falls, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

This memorandum concerns the notice which shall be given by the representatives of the class in the Merle Bunch et al. v. Donald Barnett, etc., et al., CIV73–5094 action. This Court has determined, in view of the fact that the plaintiffs can be ascertained through the records that the City of Rapid City has kept on the lot rentals, that individual notice must be given to the class of plaintiffs pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure. Therefore, this Court will order the plaintiffs' representantives herein to forthwith mail to the members of the class who are known to them, or who by the exercise of reasonable care could become known to them, the following notice.

The notice shall indicate that it comes from Judge Andrew W. Bogue, U. S. District Judge for the District of South Dakota. It shall be as follows:

NOTICE TO PERSONS WHO WERE TENANTS OF HUD TRAILERS PLACED UPON CITY-LEASED LOTS FOLLOWING THE JUNE, 1972, RAPID CITY FLOOD

"Nine former tenants of H.U.D. mobile homes, following the 1972 Rapid City flood, have filed a lawsuit in the United States District Court challenging the legality of lot rentals charged by the City of Rapid City. These tenants, who are plaintiffs in this action, seek to have have the collection of lot rentals enjoined and to compel the city or federal government to return all lot rentals previously collected.

"The former tenants who are plaintiffs in this lawsuit are Merle Bunch, Adeline Brunning, Wilma Young, James and Marcia Sperling, Ray and Margaret Looking Back, David Star Boy and Dorothy Truax. The defendants are the City of Rapid City, the Mayor and City Council members, the United States of America and its officials.

"On December 4, 1973, the Court determined that the tenant plaintiffs, by their attorneys Michael Wolff, Robert A. Moore and Daniel L. Jackson of the Black Hills Legal Services, Inc., are the proper representatives of a class of H.U.D. trailer tenants, composed of flood victims in Pennington County who were displaced by the 1972 flood disaster and who subsequently leased and occupied H.U.D. trailers, rent free, which trailers were placed upon lots leased by the City of Rapid City, and for which the City of Rapid City demanded and required

that such occupants pay lot rental to the City of Rapid City for that period that the trailers were occupied by the tenants.

"This notice is given to you because you are listed in the records of the City of Rapid City as a member of the class whose rights will be affected by this lawsuit. This notice should not be understood as an expression of any opinion of this Court as to the merit of any claims or defenses asserted in this lawsuit. Its sole purpose is to inform you of this lawsuit so that you may decide what steps to take in relation to it.

"The tenant plaintiffs allege in substance that the H.U.D. owned mobile homes were to be provided to you rent free for a period of up to one year, and that any rentals collected from you in this period violates your rights under the Constitution and laws. The defendants have denied the allegations and deny any liability.

"If the tenant plaintiffs succeed in this lawsuit, tenants of H.U.D. trailers who were charged lot rentals by the City of Rapid City may recover the dollar amount of the total lot rental paid by the trailer occupants to the City of Rapid City. If the defendants succeed in the lawsuit, all those claims which may be asserted in the lawsuit against them, will be dismissed and thereafter forever barred.

NOW, THEREFORE, TAKE NO-TICE:

1.  If you were a tenant of H.U.D. owned mobile home on a city leased lot:

    a.  You will be deemed a party to the action and will be bound by the result, whether favorable or unfavorable unless on or before April 29, 1974, you mail to the Clerk of Courts in Rapid City, South Dakota, a written request to be excluded from the class in this lawsuit.

    b.  If you do not request exclusion from the class but prefer, in connection with your individual claim, to be represented by your own counsel rather than by the above-named attorneys from Black Hills Legal Services, Inc., you may enter an appearance through your own counsel by filing in writing not later than April 29, 1974.

    c.  If you do not request exclusion from the class and do not enter an appearance through counsel of your own choosing, the above-named attorneys of Black Hills Legal Services will represent your interest in this case. You will be advised at a later time of the results of this action.

    d.  If you elect to be excluded from the class, you will be free to pursue on your own behalf whatever legal rights you may have.

2.  If you should elect to be excluded from the class, or if you should desire to be represented by your own counsel, your request to this effect should be sent to: United States Clerk of Courts, P.O. Box 322, Rapid City, South Dakota."