William H. CHILTON, Plaintiff.

v.

NATIONAL CASH REGISTER COMPANY, Defendant.

Civ. No. 4363.

United States District Court,
S. D. Ohio, W. D.

Feb. 1, 1974.

John B. Huber, Dayton, Ohio, for plaintiff.

Gordon H. Savage, Thomas J. Harrington, Dayton, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on plaintiff's demand for a jury trial made pursuant to Rule 38, Fed.R.Civ.P. Both parties have submitted memoranda on the issue raised, *i. e.,* whether the right to a jury trial under the Seventh Amendment of the United States Constitution embraces an action for damages,

lost wages and benefits, liquidated damages, costs and attorney fees brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1970).

This question is one of first impression for this Court and neither the Court nor the parties have found precedential authority on this issue.[1] The touchstone to any analysis of the right to a jury trial is the Seventh Amendment which provides, in pertinent part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . ." The threshold inquiry, therefore, is whether the action at bar and the particular claim raised were maintainable at law in 1791, when the Seventh Amendment was enacted.[2] United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); Barton v. Barbour, 104 U.S. 126, 133–134, 26 L.Ed. 672 (1881); Black v. Boyd, 248 F.2d 156, 161–162 (6th Cir. 1957); 5 Moore, Federal Practice ¶ 38.-08[5], at 79 (2d ed. 1971).

This inquiry has evolved into a three-branch determination: (1) that the issue at bar is "legal" rather than "equitable" under pre-merger custom, (2) that the remedy sought is legal, not equitable, and (3) that the issue is triable to a jury given their practical abilities and limitations. Ross v. Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); see also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Farmers-Peoples Bank v. United States, 477 F.2d 752, 756–757 (6th Cir. 1973); Rogers v. Loether, 467 F.2d 1110 (7th Cir. 1972), cert. granted, 412 U.S. 937, 93 S. Ct. 2770, 37 L.Ed.2d 396 (1973); 9 Wright & Miller, Federal Practice & Procedure, Civil § 2302 (1971).

In the instant suit, plaintiff seeks damages for lost wages and benefits, liquidated damages, costs, and attorney fees for discriminatory termination of his employment because of his age, in contravention of 29 U.S.C. §§ 621–634 (1970). In approaching the right to a jury trial, the Supreme Court has mandated that the focus be upon "the nature of the issue to be tried rather than the character of the overall action." Ross v. Bernhard, supra, 396 U. S. at 538, 90 S.Ct. at 738. Further, where legal and equitable claims are joined in one action, now possible since the merger of law and equity in federal courts in 1938:

> There is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.

Id. at 538, 90 S.Ct. at 738.

Turning to plaintiff's specific prayer for relief, we find that plaintiff seeks money damages for lost wages and benefits, a remedy which is traditionally legal in nature. Yet, a suit for damages does not per se invoke the Seventh Amendment right to a jury trial since Ross v. Bernhard has outlined a three-pronged test. See also, Harkless v. Sweeny Independent Sch. District, 427 F.2d 319, 324 (5th Cir. 1970). Accordingly, this Court in Marr v. Rife, 363 F.Supp. 1362 (S.D.Ohio; Opinion of

---

1. For example, jury trials were held in Matthews v. Drew Chemical Corp., 475 F.2d 146, 147 n. 1 (5th Cir. 1973) and in Stringfellow v. Monsanto Co., 320 F.Supp. 1175 (W.D.Ark.1970) but not in Monroe v. Penn-Dixie Corp., 335 F.Supp. 231 (N.D.Ga.1971). The issue of a right to jury trial was not discussed in those cases.

2. That plaintiff asserts a statutory right created post-1791 does not affect the Seventh Amendment guarantee. Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 445–446, 7 L.Ed. 732 (1830); Hepner v. United States, 213 U.S. 103, 115, 29 S.Ct. 474, 53 L.Ed. 720 (1908); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Rogers v. Loether, 467 F.2d 1110, 1113–1115 (7th Cir. 1972), cert. granted, 412 U.S. 937, 93 S.Ct. 2770, 37 L.Ed.2d 396 (1973).

August 31, 1973) found that even though plaintiff sought only damages for housing discrimination, the claim was nevertheless equitable since 42 U.S.C. § 1982 and the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq. were fundamentally equitable. *Accord,* Cauley v. Smith, 347 F.Supp. 114 (E.D.Va.1972). *But see* Rogers v. Loether, *supra*; Kelly v. Armbrust, 351 F.Supp. 869 (D.N.D. 1972); Kastner v. Brackett, 326 F.Supp. 1151 (D.Nev.1971). Damages in housing discrimination cases were, under the pertinent statutory provisions, clearly part of the broad Congressional grant of equitable powers[3] to federal courts to effectively remedy such discrimination. To the extent that Congress grants broad equitable powers to federal courts and to the extent that certain issues are to be tried to the court, not to the jury, this Court believes that Congress has eliminated the right to a jury trial on those issues or claims[4] under the second and third branches of the *Ross* test.

In the case at bar, the anti-discrimination provisions of 29 U.S.C. §§ 621–634 (1970) do not so easily lend themselves to a general characterization. The operative enforcement section, 29 U.S.C. § 626, states:

b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate

---

3. 42 U.S.C. § 3610(d)(1970) provides, in pertinent part:

"If the court finds a discriminatory housing practice has occurred or is about to occur, the court may, subject to the provisions of section 3612 of this title, enjoin the respondent from engaging in such practice or order such affirmative action as may be appropriate."

42 U.S.C. § 3612 states: "The court may grant . . . any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff."

4. *See, e. g.,* Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); McFerren v. County Bd. of Educ., 455 F.2d 199 (6th Cir. 1972); Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir. 1971); Harkless v. Sweeny Independent School Dist., 427 F.2d 319 (5th Cir. 1970); Johnson v. Georgia Highway Exp., Inc., 417 F.2d 1122 (5th Cir. 1969). *See also,* Note, Congressional Provision for Nonjury Trials under the Seventh Amendment, 83 Yale L.J. 401 (1973); Davidson, "Back Pay" Awards under Title VII of the Civil Rights Act of 1964, 26 Rutgers L.Rev. 741, 771–73 (1973); Pound, Common Law and Legislation, 21 Harv.L. Rev. 383, 385 (1908).

the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

When Congress mandated that actions brought under § 626 were to be deemed actions under 29 U.S.C. §§ 216(b), 217,[5] the right to a jury trial in § 626 actions necessarily became dependent on whether such right exists for § 216 or § 217 claims. Congress has given no other indication as to the right to jury trial in § 626 actions since it merely stated that this Court can "grant such legal or equitable relief as may be appropriate." 29 U.S.C. § 626(b) (1970).

 It is well-settled that there is a right to a jury trial in § 216 actions, since Congress provided remedies only in the form of money damages for private suits brought under this section. McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir. 1971) (the Sixth Circuit read this section as requiring a trial to the court only on liquidated damages; the jury's award of damages in the amounts of unpaid back wages was not challenged); Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Lewis v. Times Pub. Co., 185 F.2d 457 (5th Cir. 1950); Olearchick v. American Steel Foundries, 73 F.Supp. 273 (W.D.Pa.1947); 5 Moore's Federal Practice, ¶ 38.27. On the other hand, § 217 actions have been unanimously characterized by the courts as equitable, notwithstanding the Secretary of Labor's power to seek an injunction to restrain the withholding of wages. E. g., Geyer Broadcasting Co. v. Holder, 14 Fed.Rules Serv.2d 621 (7th Cir. 1970); Sullivan v. Wirtz, 359 F.2d 426 (5 Cir. 1966); Wirtz v. Jones, supra; Brennan v. J. C. Penney Co., Inc., 61 F.R.D. 66

(S.D.Ohio N.D., 1973); Hodgson v. Stewart Infra-Red Commissary, Inc., 370 F.Supp. 503 (E.D.Pa., 1973); Hodgson v. Board of Education of Parsippany-Troy Hills, 344 F.Supp. 79 (D.N.J.1972); Wirtz v. Adair, 224 F.Supp. 750, 755 (W.D.Ark.1963).[6]

 Under both § 217 and § 626(b), the Secretary of Labor is authorized to bring suit on behalf of the aggrieved employee, and such action forecloses any private employee damage action under § 216(b) and § 626(b). 29 U.S.C. §§ 216(b)(c), 626(c) (1970). Hence, no adequate remedy at law exists when the Secretary brings an action under § 217; this would, in the classic sense, be an invocation of this Court's equitable jurisdiction. A suit under 29 U.S.C. § 626(b), requesting only injunctive reinstatement for age discrimination in employment, would sound in equity whether brought by the Secretary or by the individual employee. Such an action would clearly be equitable under the three-pronged test of Ross since there would be no common law analog to reinstatement as the injunctive remedy is traditionally equitable. An employee action for reinstatement and damages would present historically mixed claims at law and equity. In such actions raising both legal and equitable claims, Dairy Queen, Inc. v. Wood, supra, rejected the "equitable clean-up doctrine" which would treat the entire action as equitable since back pay damages would be regarded as "incidental" to the main injunctive relief sought.[7] Dairy Queen requires that issues underlying a legal claim for damages be tried to a jury, providing that an action at law is otherwise adequate to present the claim under the tripartite test of Ross. See Dairy Queen, Inc. v. Wood, supra, 369 U.S. at 469, 479, 82 S. Ct. 894.

5. 29 U.S.C. §§ 211(b), 216, 217 (1970) are part of the Fair Labor Standards Act of 1938, [FLSA], as amended, and concern enforcement of the maximum hour—minimum wage provisions of the FLSA.

6. See Note, Fair Labor Standards Act and Trial by Jury, 65 Colum.L.Rev. 514 (1965).

7. See, e. g., Rogers v. Loether, 467 F.2d 1110, 1119–1120 (7th Cir. 1972); 9 Wright & Miller, Federal Practice and Procedure—Civil § 2308 (1971); Note, Congressional Provision for Nonjury Trials under the Seventh Amendment, supra note 4 at 406–07. But see, McFerren v. County Bd. of Educ., supra note 4, 455 F.2d 205–207.

In the instant action under 29 U.S.C. § 626(b), plaintiff seeks only money damages, traditionally a legal remedy.[8] On its face, the second branch of the *Ross* test is thereby satisfied; the remedy sought is legal in nature. In addition, plaintiff's claims are, under the terms of § 626(b), to be treated as claims arising under 29 U.S.C. §§ 216, 217 and the case law overwhelmingly supports the right to jury trial in § 216 private damage actions.

The first requirement of *Ross* commands an examination of the pre-merger custom for adjudication of plaintiff's rights and the issues which his claims raise.[9] Claims of employment discrimination and prayers for lost wages have been aptly analogized to common law actions for breach of contract by wrongful discharge. St. Clair v. Local Union No. 515, 422 F.2d 128, 132 (6th Cir. 1969); Ochoa v. American Oil Co., 338 F.Supp. 914, 918–919 (S.D.Texas 1972); *cf.* Olearchick v. American Steel Foundries, 73 F.Supp. 273 (W.D.Pa.1947). *See also*, Rogers v. Loether, *supra*, 467 F.2d at 1116–1117.

■ We therefore find that the pre-merger customs in employee damage suits under § 626(b) for age discrimination in employment would have been cognizable at law. Furthermore, this Court believes that the computational duties incumbent on the jury as fact-finder in an age discrimination action by an employee against his employer are well within the practical abilities and limitations of a jury. Numerical calculations, not subjective evaluations or speculations, are all that would be involved. Accordingly, under the three-part *Ross* test, such damage suits under § 626(b) and § 216(b) would have the right to be tried to a jury.

■ This Court views *Ross, Beacon,* and *Dairy Queen* as suggesting that equitable jurisdiction exists where a litigant cannot adequately assert his rights at law by reason of procedural impediments. Where Congress plainly indicates a statutory violation is to be tried by a court or where the remedies provided are equitable, we believe that Congress has made a determination that the practical limitations of juries are that kind of procedural impediment making actions at law inadequate to remedy the societal problem and statutory viola-

---

8. See, e. g., Rogers v. Loether, 467 F.2d 1110, 1121 (7th Cir. 1972); Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir. 1965); 5 Corbin on Contracts §§ 1102, 1107 at 548, 573 n. 21 (1964); 11 Williston on Contracts § 1339, at 204 (3rd ed. 1968). Cf. Porter v. Warner, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946); Horton v. Lawrence County Bd. of Educ., 449 F.2d 793 (5th Cir. 1971); Harkless v. Sweeny Independent Sch. Dist., 427 F.2d 319 (5th Cir. 1970). *See also* Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909); Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505 (1916); Langdell, A Brief Survey of Equity Jurisdiction 5 (1905); Davidson, Back Pay Awards under Title VII of the Civil Rights Act of 1964, *supra* note 4 at 772–773; Note, The Right to Jury Trial under Title VII of the Civil Rights Act of 1964, 37 U.Chi.L.Rev. 167 (1969)

9. The *Ross* test would appear to focus on the right asserted, not merely the form of action in which it is asserted. See Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 447, 7 L. Ed. 732 (1830). As such, this inquiry seems to be the pre-*Ross* historical analog test, i. e., was there any common law action for such questions in which a jury trial could be had. Yet, to the extent that certain issues could only be raised before a court of equity simply because of a procedural impediment eliminating an adequate remedy at law, the distinction between "legal" and "equitable" issues is destroyed, since equitable issues were only those legal issues lacking a remedy at law. 1 Story, Equity Jurisprudence 117 (14th ed. 1918); Ross v. Bernhard, 396 U.S. at 539–540, 90 S.Ct. 733, 24 L.Ed.2d 729. This, of course, means that with removal of procedural impediments like separate courts of equity and law, legal jurisdiction is enlarged and equitable jurisdiction is narrowed, and the Supreme Court recognized this. Ross v. Bernhard, *supra* at 539–540, 90 S.Ct. 733. *See also*, Comment Ross v. Bernhard: The Uncertain Future of the Seventh Amendment, 81 Yale L.J. 112, 118–23 (1971).

tion.[10] See Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio W.D.1972). As such, *Ross* makes it clear that a jury trial is not available for such actions. 29 U.S.C. § 626 actions for damages only are *not,* however, of such a class, and plaintiff here has the right to a jury trial on the issue of lost wages and benefits.

The prayer for liquidated damages, however, is of a different character. The Sixth Circuit in McClanahan v. Mathews, 440 F.2d 320 (6th Cir. 1971) held that an award of liquidated damages for violation of the minimum-wage and maximum-hour provisions of § 216(b) is within the sound discretion of the Court, not the jury. In *McClanahan,* the issues of damages for wages held in violation of the minimum-wage, maximum-hour provisions of the FLSA, liquidated damages, prejudgment interest and back pay awards were all submitted to the jury. Approving, *sub silentio,* the rights of plaintiffs to jury trials in § 216(b) actions, the Sixth Circuit nevertheless found that it was inappropriate for the issue of liquidated damages to go to the jury under the statutory language of § 11 of the Portal to Portal Act, 29 U.S.C. § 260 (1970). 29 U.S.C. § 260 provides that "[where an] employer shows to the satisfaction of the court" that his violation was "in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act", the Court "may in its sound discretion," award a lesser amount or no liquidated damages at all.

■ Similarly, in the action at bar, 29 U.S.C. § 626(b) provides "that liquidated damages shall be payable only in cases of willful violations of this chapter." § 626(b) provides that the remedies for age discrimination in employment shall be enforced in accordance with § 216(b) procedures and remedies. 29 U.S.C. § 260, in 1947, amended §

216(b) by providing, as the Sixth Circuit in *McClanahan* held, that liquidated damages were within the sound discretion of the Court. Accordingly, this Court holds that the issue of liquidated damages in § 626(b) employee actions is within the discretion of the Court since actions under § 626(b) for damages are deemed as § 216 actions. Hence, there is no right to jury trial on that issue. McClanahan v. Mathews, *supra;* Hodgson v. Miller Brewer Co., 457 F.2d 221 (7th Cir. 1972); Snelling v. O. K. Service Garage, Inc., 311 F.Supp. 842 (E.D. Ky.1970).

■ This Court believes that Ross v. Bernhard commands the same result since Congress has specifically directed this issue to be heard by the Court, not the jury. This Court also concludes that attorney fees and costs are to be heard only by the Court and to be awarded in this Court's discretion. Hodgson v. Miller Brewing Co., *supra;* Snelling v. O. K. Service Garage, Inc., *supra;* Hayes v. Bill Haley & His Comets, Inc., 274 F.Supp. 34 (E.D.Pa.1967.)

Because of the foregoing analysis of § 626 in light of § 16 and § 17 of the FLSA, 29 U.S.C. §§ 216, 217 (1970), we find no need to analogize age discrimination actions to Title VII cases or § 1983 actions to determine right to a jury trial.

Accordingly, this Court holds that plaintiff has a right to a jury trial in this case, as provided by the Seventh Amendment to the United States Constitution, over the issues concerning lost wages and benefits, and to that extent, plaintiff's motion is hereby granted. This Court further holds that plaintiff has no Seventh Amendment right to a jury trial on the issues of liquidated damages, attorney fees or costs and to that extent, plaintiff's motion is hereby denied.

It is so ordered.

10. *See,* Comment, Ross v. Bernhard: The Uncertain Future of the Seventh Amendment, *supra* note 7 at 129.