**Francis P. PONS, Plaintiff,**

v.

**LORILLARD, a Division of Loew's Theatres, Inc., Defendant.**

**No. C-75-380-G.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Jan. 21, 1976.

Norman B. Smith, Greensboro, N. C., for plaintiff.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N. C., for defendant.

## MEMORANDUM

GORDON, Chief Judge.

This matter is before the Court on defendant Lorillard's motion to strike the plaintiff's demand for trial by jury. The question for the Court's resolution is whether the Seventh Amendment right to trial by jury extends to an action for injunctive reinstatement, lost wages, liquidated damages, and costs and attorney fees under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1970). The question turns upon whether trial by jury is obtainable on the lost wages issue. Plaintiff makes no argument that the other issues will support trial by jury, and there is no authority to support such an argument.

The question appears to be one of first impression in this circuit.[1] Plaintiff relies upon *Chilton v. National Cash Register Company*, 370 F.Supp. 660 (S. D. Ohio 1974), apparently the sole case of precedential value determining the right to jury trial under the Age Discrimination Act. *Chilton* rejected trial by jury on the issues of liquidated damages, and costs and attorney fees,[2] but upheld the right on the issue of lost wages. Claims of employment discrimination coupled with prayers for lost wages were characterized as not only legal in nature as monetary damages, but

[1]. Plaintiff points out that this Court has twice before allowed jury trials in age discrimination actions. In those cases, however, no issue was taken with the plaintiffs' demands for jury trial. The cases are of no precedential value here.

[2]. The enforcement provision of the Age Discrimination Act, 29 U.S.C. § 626(b), provides that "liquidated damages shall be payable only in cases of willful violations of this chapter." The *Chilton* court held an award of liquidated damages to be within the sound discretion of the court, thus not

entitling either party to a trial by jury. 370 F.Supp. at 666, citing *McClanahan v. Matthews*, 440 F.2d 320 (6th Cir. 1971), and *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). In the hearing on the defendant's motion to strike the jury demand, plaintiff candidly conceded that the liquidated damages issue would not be triable to a jury.

*Chilton* also held that attorney fees and costs "are to be heard only by the Court and to be awarded in this Court's discretion." 370 F.Supp. at 666, citing *Hodgson v. Miller Brewer Co.*, 457 F.2d 221 (7th Cir. 1972).

also cognizable at law as claims analogous to common law actions for breach of contract by wrongful discharge and, furthermore, well within the practical abilities and limitations of the jurors. 370 F.Supp. at 665. Because it analyzed the operative enforcement section of the Age Discrimination Act, 29 U.S.C. § 626, in light of sections 16 and 17 of the Fair Labor Standards Act, 29 U.S.C. §§ 216, 217 (1970), the court, in finding a right to trial by jury on the lost wages issue, declined to compare age discrimination actions with Title VII cases. *Id.* at 666.

*Chilton* is by no means dispositive of the question. Actions for lost wages under the Age Discrimination Act are logically analogous to actions for lost wages under Title VII. Like awards of back pay under Title VII, the award of back pay sought by the plaintiff here is "equitable—intended to restore the [recipient] to . . . rightful economic status absent the effects of the unlawful discrimination." *Robinson v. Lorillard Corporation,* 444 F.2d 791, 802 (4th Cir. 1971), *cert. dismissed under rule 60,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). The Fourth, Fifth, Sixth, and Ninth Circuits have found an award of back pay under Title VII to be equitable. *Robinson v. Lorillard Corporation, supra;* *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969); *EEOC v. Detroit Edison,* 515 F.2d 301, 308 (6th Cir. 1975); *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir. 1975); *Cf. Smith v. Hampton Training School,* 360 F.2d 577, 581 n. 8 (4th Cir. 1966) (en banc); *Harkless v. Sweeney Independent School District,* 427 F.2d 319, 324 (5th Cir. 1970), *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); *McFerren v. County Board of Education,* 455 F.2d 199, 202–04 (6th Cir. 1972). It

is concluded that a comparison of the enforcement provisions of the Age Discrimination Act and Title VII is the proper starting point for analysis of the right to jury trial for lost wages under 29 U.S.C. §§ 621–634.

It is undisputed that trial by jury in a statutory action is required only "if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). In *Curtis* the Supreme Court held that the fair housing provisions of Title VIII of the Civil Rights Act of 1968, which authorizes private plaintiffs to bring civil actions to redress violations of the Act's fair housing provisions, entitled either party to demand a jury trial. But the court "strongly suggested that the employment provisions found in Title VII do not." *Slack v. Havens, supra* at 1094. The distinction between the two statutes lay in a comparison of the "damages" language of section 812 of the Act, 42 U.S.C. § 3612, with the "equitable relief" language of 42 U.S.C. § 2000e–5(g), and in a comparison of the mandatory nature of the section 812 award with the discretionary nature of the back pay award under Title VII. In clarifying a point of some confusion, the court refused to say that "any award of monetary relief must necessarily be 'legal' relief," *Curtis v. Loether,* 415 U.S. at 196, 94 S.Ct. at 1009, for the purposes of the jury trial requirement. *See Slack v. Havens, supra* at 1094.

■ In *Chilton v. National Cash Register Company, supra,* the case relied upon by plaintiff, the court seemed to begin its analysis with the observation that an action for monetary damages had to be "legal" in character.[3] While the court

3. *Chilton* analyzed section 626(b) of the Age Discrimination Act in light of sections 16 and 17 of the Fair Labor Standards Act, but the critical determination there was that a 626(b) claim for lost wages was a legal claim. *Ross v. Bernhard, supra* note 2, at 396

U.S. 531, 538, 90 S.Ct. 733 n. 10, held that the "legal" nature of an issue is determined by considering whether (1) the issue is legal rather than equitable under pre-merger custom, (2) the remedy sought is legal, not equitable, and (3) the issue is triable to a jury

there recognized that a suit under section 626(b) of the Age Discrimination Act only for injunctive reinstatement would sound in equity, it concluded that an action under section 626(b) for reinstatement and lost wages would raise both legal and equitable claims. 370 F. Supp. at 664. Under *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962), the legal claim, for lost wages, would have to be tried to a jury. The Supreme Court's decision in *Curtis* lends impetus towards a different result. Because a claim for monetary damages is not always legal, there is not necessarily a mixed claim at law and equity in an action for injunctive reinstatement and lost wages. What confronts the Court here is not a mixed claim, but a single cause of action which must be characterized as either legal or equitable. If the claim for lost wages is an integral part of an equitable remedy of reinstatement, then it makes no difference that monetary damages are involved.

In her attempt to persuade the Court that the issue of lost wages is triable to a jury, the plaintiff argues that the remedial provisions of the Age Discrimination Act and Title VII are critically distinct, as were the remedial provisions of Title VIII and Title VII in *Curtis v. Loether*. Section 626(b) of the Age Discrimination Act states that

"[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under

section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. . . ." 29 U.S.C. § 626(b) (1970).

The remedial provisions of Title VII state that

"the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . ., or any other equitable relief as the court deems appropriate. . . ." 42 U.S.C. § 2000e–5(g) (1970 ed., Supp. II).

Plaintiff argues that it is apparent that Title VII remedies, including back pay, are denominated forms of "equitable relief," while section 626(b) empowers courts "to grant such legal or equitable relief as may be appropriate." The result of this argument is that actions for back pay under Title VII are "equitable" while under the Age Discrimination Act, they are "legal."

given its practical abilities and limitations. The *Chilton* court found the first test satisfied because claims of employment discrimination and prayers for lost wages were analogous to common law actions for breach of contract, and, according to pre-merger custom, would have been cognizable at law. The second test was satisfied by the plaintiff's

claim for money damages, traditionally a legal remedy. The court found the third test easily satisfied. 370 F.Supp. at 665. Indeed, proof may be difficult, but the mere fact that it is does not take an action from the province of the jury. *See Dairy Queen v. Wood*, 369 U.S. 469, 478–79, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

The right to trial by jury should not be dependent upon a slight degree of difference in statutory terms. In *Curtis* the Supreme Court compared the two statutes (Title VIII and Title VII) and found a "sharp contrast" in their remedial provisions. Section 812 clearly authorized actions to enforce "legal rights" within the Supreme Court's Seventh Amendment decisions because the relief available under the section—actual and punitive damages—was the traditional form of relief offered in the courts of law. 415 U.S. at 195–96, 94 S.Ct. 1005. Section 2000e–5(g) had been characterized as equitable by the courts of appeals and differed in several respects. There was no comparable discretion; if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount. Nor was there any sense in which the award under section 812 could be viewed as requiring the defendant to disgorge funds wrongfully withheld from the plaintiff. 415 U.S. at 197, 94 S.Ct. 1005. Applying a similar analysis of the statutes here, it is apparent that there is no drastic difference like that evident in *Curtis*. The remedial provisions of section 626(b) and section 2000e–5(g) are similar, and their similarity is due to the fact that the statutes are designed to remedy correspondent evils. "With a few minor exceptions the prohibitions of [the Age Discrimination in Employment Act of 1967] are in terms identical to those of Title VII of the Civil Rights Act of 1964 except that 'age' has been substituted for 'race, color, religion, sex, or national origin.'" *Hodgson v. First Fed. Savings and Loan Ass'n of Broward County, Florida*, 455 F.2d 818, 820 (5th Cir. 1972).

Here the Court has chosen to compare age discrimination actions with Title VII cases. In *Chilton*, as noted, the district court took the opposite approach and drew on sections 216 and 217 of the Fair Labor Standards Act, incorporated in the enforcement provisions of the Age Discrimination Act, for guidance. While either approach may be fundamentally sound, the Court is persuaded that only a single cause of action is presented here, rather than the mixed claims of law and equity recognized in *Chilton*. An award of back pay is not viewed as "incidental" to injunctive relief, but as an integral part of that relief. Although plaintiff's action is founded upon the Age Discrimination Act rather than Title VII, her claim for lost wages is no less an integral part of the equitable remedy of reinstatement. "To consider it apart from that context would be to distort the traditional line dividing legal from equitable remedies."[4] *Slack v. Havens, supra* at 1094.

Accordingly, counsel for the defendant will present a proposed order striking plaintiff's demand for trial by jury.

---

**4.** While the Ninth Circuit Court of Appeals made this statement in a Title VII case in which the plaintiffs sought a jury trial by reason of a claim for lost wages, the Court believes that the statement should apply with equal force to age discrimination cases.