4

Myra J. HILL, Plaintiff,

v.

WESTERN ELECTRIC COMPANY,
Defendant.

No. C–76–36–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

May 19, 1976.

Norman B. Smith, Greensboro, N.C., for plaintiff.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N.C., for defendant.

## MEMORANDUM AND ORDER

GORDON, Chief Judge.

This matter comes before the Court for disposition of two motions by the defendant: (1) that plaintiff's demand for a trial by jury be stricken and (2) that plaintiff's class action claims be dismissed and the paragraphs of the complaint setting forth the class action claims be stricken. Briefs on the motions have been filed by counsel and oral argument was presented on May 14, 1976. This is an age discrimination suit and jurisdiction has been invoked by the plaintiff pursuant to 29 U.S.C. § 626(b), (c); 29 U.S.C. § 217; and 29 U.S.C. § 216(b).

### Trial by Jury

This Court addressed essentially the same issue of trial by jury in an action brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, in *Pons v. Lorillard*, 69 F.R.D. 576 (D.C., 1976). In *Pons* the motion to strike the demand for a jury trial was granted. An interlocutory appeal has been taken

from that decision, and briefs have recently been submitted to the United States Court of Appeals for the Fourth Circuit. Counsel for plaintiff Hill has respectfully requested that the Court defer ruling upon the defendant's motion to strike until after a decision has been announced by the Fourth Circuit in *Pons*. Although the Court is fully satisfied with the conclusion reached in the *Pons* case, no harm would be suffered by the parties here in deferring consideration of defendant's motion to strike the demand of the plaintiff for a jury trial until after the Court of Appeals has ruled on the issue.

### Class Action Claims

The defendant has also moved to dismiss and strike the class action claims of the plaintiff, asserting that the Age Discrimination in Employment Act of 1967 does not permit the maintenance of a Rule 23 form of class action. The Act provides for the enforcement of its provisions in 29 U.S.C. § 626(b):

"(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, that liquidated damages shall be payable only in cases of willful violations of this chapter. . . ."

Section 216(b) of Title 29, the Fair Labor Standards Act, provides as follows:

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection." (Emphasis added.)

While the plaintiff, in her complaint, has sought relief consistent with that provided for in 29 U.S.C. § 216(b), she has also sought to bring this suit as a class action pursuant to Rule 23, Federal Rules of Civil Procedure. The defendant asserts that the provisions of § 216(b) are irreconcilable with the provisions of Rule 23. Under § 216(b) it is clear that no person can become a party plaintiff and no person will be bound by or may benefit from a judgment rendered in an action brought under the Act by a private individual, unless that person has affirmatively "opted into" the class by giving "consent in writing to become such a party and such consent is filed in the court in which such action is brought." Under Rule 23 once a class is defined each person within the defined group is considered to be a class member and is bound by the judgment in the case unless that person formally elects to "opt out" of the suit.

The plaintiff asserts that to require a strict adherence to the provisions of § 216(b) so as to prohibit Rule 23 class actions would frustrate the remedial purpose of the Age Discrimination in Employment Act. In support of this position the plaintiff contends that, since there is nothing in the legislative history of the Act to indicate that the Congress specifically chose to prevent the use of Rule 23, then litigants should not be restricted to the written consent provisions of § 216(b).

■ The defendant disagrees and offers an interpretation of the Act similar to that set forth in *McGinley v. Burroughs Corporation*, 407 F.Supp. 903 (E.D.Pa.1975). The court in *McGinley v. Burroughs Corporation* held:

> "The legislative history of the Age Discrimination Act clearly establishes that the Act is to be enforced in accordance with the procedures of the Fair Labor Standards Act [29 U.S.C. § 216(b)]. Congress at the time the Act was adopted was well aware of Rule 23 of the Federal Rules. If Congress had wished to adopt the Rule 23 enforcement technique for the Age Discrimination Act, it would not have explicitly stated that the Act was to be enforced in accordance with the Fair Labor Standards Act. Accordingly, we find that a class action under the Act is a statutory class action, independent of and unrelated to the class action covered by Rule 23 of the Federal Rules of Civil Procedure." (at 911.)

This latter interpretation of the intent of Congress appears to this Court to be the more convincing of the two.

Plaintiff cites the case of *Blankenship v. Ralston Purina Co.*, 62 F.R.D. 35 (N.D.Ga. 1973), in support of its contention that a Rule 23 class action is an appropriate means of enforcing the Act. That case stands alone, however, with the greater weight of authority being in the defendant's favor. See e. g., *Cooke v. Reynolds Metals Co.*, 65 F.R.D. 539 (E.D.Va.1975); *Hull v. Continental Oil Co.*, 58 F.R.D. 636 (S.D.Tex.1973); *Burgett v. Cudahy Company*, 361 F.Supp. 617 (D.Kan.1973). Further, the United States Court of Appeals for the Fifth Circuit has now, in effect, overruled the position taken by the district court in *Blankenship* in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

The plaintiff also cites the case of *Bishop v. Jelleff Associates, Inc.*, 4 F.E.P. Cases 1262 (D.D.C.1972) to suggest that the relationship between Rule 23 and § 216(b) remains flexible. The *Bishop* case holds that a class action could be maintained pursuant to the provisions of Rule 23 but that all members of plaintiff's class who are to be included must file consents to the suit after having received notice that the plaintiff has brought an age discrimination action against the defendant employer. The court addressed this issue in *McGinley*:

> "Plaintiff argues, in the alternative, that even if this Court were not to allow a Rule 23 class action, we should still permit a Rule 23 type notice which would give the proposed class members the opportunity to 'opt in' to the instant suit. We find, however, that adopting a portion of the procedures of Rule 23 in age discrimination suits is just as contrary to the Congressional intent expressed in the legislative history of the Act and Section 7 of the Act, 29 U.S.C. § 626(b), as adopting Rule 23 *en toto*. Accordingly, we deny leave to the plaintiff to maintain the instant suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure . . . ." (at 911)

A similar position is taken in *Roshto v. Chrysler Corporation*, 67 F.R.D 28 (E.D.La. 1975).

■ While the plaintiff presents a strong policy argument in favor of permitting Rule 23 class actions in suits brought under the Age Discrimination Act, it is the responsibility of the Congress and not of the courts to alter the explicit provisions of the Act, if they are to be altered. Therefore, the motion of the defendant to dismiss and strike the class action claims of the plaintiff must be granted.