**Gilbert EWALD, Plaintiff,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Defendant.**

**Civ. A. No. 76–10080.**

United States District Court,
E. D. Michigan, N. D.

Dec. 2, 1976.

Joseph J. Mellon, Cheboygan, Mich., for plaintiff.

Robert W. Hartland, Pittsburgh, Pa., Sheldon S. Toll, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626. Defendant has moved the Court to strike plaintiff's jury demand on the grounds that there is no right to trial by jury in actions of this nature and on the grounds that the jury demand was not timely filed.

Plaintiff has, in turn, moved the Court for a trial by jury pursuant to FR Civ P 39(b).

There is a split of authority regarding whether there is a right to a jury trial in cases under the Age Discrimination in Employment Act of 1967 (ADEA). For the reasons stated herein, the Court finds there is no right to a trial by jury under the ADEA and declines to exercise its discretion to order a trial by jury in this cause.

In *Chilton v. National Cash Register Co.,* 370 F.Supp. 660 (S.D.Ohio, 1974), the Court found a right to trial by jury on the issues concerning lost wages and benefits, but not on liquidated damages, finding that the latter was within the discretion of the court.

In *Laugesen v. Anaconda Co.,* 510 F.2d 307 (C.A.6, 1975), the Sixth Circuit found that the ADEA is almost identical to Title VII, and, in footnote 2 stated that jury trials are "discouraged" in Title VII cases. Then, in *Equal Employment Opportunity Commission v. Detroit Edison Co.,* 515 F.2d 301, 308 (C.A.6, 1975), the Sixth Circuit unequivocally stated that there is no right to a trial by jury in Title VII cases as back-pay is a form of restitution and not an award of damages.

Reading these decisions together, the court finds that there is no right to a trial by jury on either the issue of liquidated damages under the ADEA or on the issue of lost wages. Rather, both are equitable remedies on which there is no jury trial right. *Pors v. Lorillard,* 69 F.R.D. 576 (M.D.N.C.1976).

Since plaintiff has asserted no claim for legal relief that may be allowed under the ADEA (see *Murphy v. American Motor Sales Corp.,* 410 F.Supp. 1403 (N.D.Ga., 1976)), the suit is wholly equitable in nature and there is no right to a trial by jury.

Accordingly, defendant's motion to strike plaintiff's jury demand is GRANTED; plaintiff's motion under FR Civ P 39(b) is DENIED, and this cause is hereby placed on the non-jury calendar of the court.

IT IS SO ORDERED.