**Carl LOCASCIO et al., Plaintiffs,**

v.

**TELETYPE CORPORATION, a subsidiary of Western Electric, Defendant.**

**No. 76 C 2087.**

United States District Court, N. D. Illinois, E. D.

March 7, 1977.

J. Dale Berry, Cornfield & Feldman, Chicago, Ill., for plaintiffs.

John T. Van Aken, Zachary D. Fasman, Chicago, Ill., for defendant.

## MEMORANDUM DECISION

MARSHALL, District Judge.

A group of employees who were laid off by defendant employer brought this action for declaratory, injunctive, and monetary relief under the Age Discrimination in Employment Act, 29 U.S.C. § 623 (ADEA). Defendant's motion to strike or dismiss presents two issues: (1) whether each plaintiff must file a notice of intent to sue with the Secretary of the Department of Labor as a prerequisite to joining in an action under the ADEA; (2) whether plaintiffs have a right to a jury trial.

Defendant is a corporation engaged in the manufacture of data communication terminals in Skokie, Illinois. On June 1, 1975, it employed approximately 1500 people. On or about July 11, 1975, defendant laid off well over 200 employees. Many of these people were between the ages of 40 and 65. On December 4, 1975, plaintiffs' counsel, by letter, notified the United States Department of Labor of the layoffs, charged that the layoffs were partially made on account of age, and stated that if the agency could not remedy the complaint, a lawsuit would be filed on behalf of 20 named former employees and others similarly situated. On February 19, 1976, the Department notified plaintiffs' counsel that it was unable to resolve the dispute of 18 of the 20 employees with defendant. On April 16, 1976, the Department notified plaintiffs' counsel that it was unable to resolve the dispute of 9 additional employees. On June 7, 1976, plaintiffs filed this action. Named as plaintiffs were six employees who were listed in the December 4 letter to the Department of Labor. Appended to the complaint were consent forms of 24 people, including the six named plaintiffs, each consenting to participate as a plaintiff in the action. Since the action was filed, plaintiffs have filed consent forms of nine more former employees who consent to be plaintiffs.

These plaintiffs may be divided into three categories: (1) plaintiffs who were listed in the letter to the Department of Labor dated December 4, 1975, who filed notice of intent to sue within 180 days of the layoff; (2) plaintiffs not listed in the letter of December 4, 1975, but who were named in either of the two letters from the Department of Labor and were included in the administrative investigation; (3) the remaining plaintiffs who were not included in the administrative investigation and presumably did not file notice of intent to sue at any time.

Defendant objects to the participation of any plaintiff not in the first category. Defendant claims that under the ADEA, each participating plaintiff must first file notice of intent to sue within 180 days of the unlawful occurrence. Defendant's position is that the second group of plaintiffs filed notice too late [1] and the third group never filed at all. Plaintiffs contend that the notice requirement is satisfied as to all plaintiffs by the notice letter of December 4, 1975. The few courts that have addressed this issue have split. *Compare, e. g., Price v. Maryland Casualty Company*, 62 F.R.D. 615 (S.D.Miss.1972) *with Blankenship v. Ralston Purina*, 62 F.R.D. 35 (N.D. Ga.1973).

In resolving this question, the language of the notice provision itself is the starting point. 29 U.S.C. § 626(d) provides:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
> (1) within one hundred and eighty days after the alleged unlawful practice occurred . . . .

---

[1] Our view of the issue makes it unnecessary to separately analyze whether these plaintiffs have any equitable excuse for tardy filing. *Compare Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974), *with Skoglund v. Singer Co.*, 403 F.Supp. 797 (D.N. H.1975).

If the ADEA provided that no person could be a party plaintiff or intervene in an action without giving the Secretary notice, then it would be evident that defendant's position is correct. As written, § 626(d) is more ambiguous. In the instant case, the six individuals who commenced the action did file notice. The question is whether these plaintiffs may be joined by others who did not. Since the statutory language is ambiguous, we may look outside it for assistance. The most useful source is the intent and interpretation of the comparable notice requirement in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) and (f).[2]

■ Before bringing an action under Title VII, a plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC) and give the EEOC an opportunity to conciliate. After exhausting administrative remedies, any person aggrieved may bring an individual or a class action. If the plaintiff brings a class action, it is well settled that every class member need not exhaust the administrative remedy. A charge filed with the EEOC from a single plaintiff suffices for the entire class. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414, n.8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719–21 (7th Cir. 1969).

The rationale underlying this rule is that the purposes of the notice requirement are adequately served if only one class member gives the EEOC an opportunity to investigate the complaint. First, the employer becomes aware of the existence of a complaint against him. Second, during the conciliation period, the employer has a chance to voluntarily settle the complaint.

In the instant case, these purposes were fulfilled by the notice actually given in the letter of December 4, 1975. First, defendant was informed that a group of named employees claimed that the layoff was discriminatory. Second, the letter warned that plaintiffs were prepared to bring an action on behalf of themselves and others similarly situated if settlement efforts failed. Finally, as evidenced by the two letters from the Department of Labor, defendant had at least two chances to voluntarily settle the complaint.

■ Nevertheless, there is a crucial difference between Title VII and the ADEA which prevents automatic application of the *Bowe* rule to ADEA cases. Under Title VII, plaintiffs may bring class actions pursuant to Fed.R.Civ.P. 23; under the ADEA, they may not. Instead, the ADEA, tracking the Fair Labor Standards Act, authorizes joinder of plaintiffs who file a consent to participate in the lawsuit. 29 U.S.C. § 216(b); *Cooke v. Reynolds Metal Co.*, 65 F.R.D. 539 (E.D.Va.1975); *Hull v. Continental Oil*, 58 F.R.D. 636 (S.D.Tex.1973).[3] Only plaintiffs who have "opted in" to the class of ADEA plaintiffs are bound by the ultimate judgment. *La Chapelle v. Owens-Illinois*, 513 F.2d 286 (5th Cir. 1975). The requirements of Fed.R.Civ.P. 23, specifically the showing that common questions of law or fact predominate (Rule 23(b)(3)) or the showing that injunctive relief for the whole class is appropriate (Rule 23(b)(2)), are irrelevant.

The consequence of this procedural difference is evident. Class actions brought pursuant to Title VII will proceed only if the claims of the class members are closely related in fact or law. If the class members are indeed similarly situated, courts may safely assume that it would be futile to

---

**2.** The ADEA, 29 U.S.C. § 626(b), provides that enforcement shall be in accordance with the powers, remedies and procedures of the Fair Labor Standards Act, 29 U.S.C. §§ 211(b), 216, 217. Although the issue of notice is a procedural one, the Fair Labor Standards Act does not have a comparable exhaustion requirement. In looking instead to Title VII, we join a long line of decisions recognizing the affinity between the purposes of the ADEA and Title VII,

although the comparison is usually made in resolving substantive issues rather than procedural issues. *See, e. g., Laugesen v. Anaconda Co.*, 510 F.2d 307, 311 (6th Cir. 1975); *Hodgson v. First Federal Savings and Loan Ass'n*, 455 F.2d 818, 820 (5th Cir. 1972).

**3.** Each plaintiff here has filed a consent. Plaintiffs do not challenge this requirement.

require each class member to seek administrative relief so long as one plaintiff has gone to the EEOC. This assumption is not safe under the ADEA, however, because the court is not required to independently decide whether all plaintiffs who file consents are similarly situated.

■ Nothing in the ADEA prevents us from examining the complaint to determine if the plaintiffs are in the same position and if exhaustion of administrative remedies by each plaintiff would be an exercise in futility. The ADEA is a remedial statute, and we are convinced that it should be liberally construed to effectuate its goal of promoting employment of older workers. The provisions of § 626 are subject to equitable modification. *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976); *Edwards v. Kaiser Aluminum & Chemical Sales Inc.*, 515 F.2d 1195 (5th Cir. 1975).

■ An analysis of the complaint shows that the factual claims of all plaintiffs appear to be quite similar. All plaintiffs were laid off on or about July 11, 1975. In contrast, the court in *Oshiro v. Pan-American World Airways, Inc.*, 378 F.Supp. 80 (D.Haw.1974), refused to permit new plaintiffs to join in an ADEA action when the new plaintiffs had not filed notice of intent to sue and the new plaintiffs were fired at different times than the original plaintiffs. Moreover, the answers to plaintiffs' interrogatories indicate that defendant applied a uniform group of rules in deciding which employees to lay off. The focus of the litigation will probably be on the question of whether these guidelines were discriminatory in form or effect and this uniform focus overrides the fact that the plaintiffs worked in different departments. We conclude that in this case, the plaintiffs are so similarly situated that the notice letter of December 4, 1975 satisfies the notice requirement for all employees who were laid off on or about July 11, 1975, and who file a consent to participate as party plaintiffs.

■ It is necessary to make clear that this result is not the procedural equivalent of class certification under Rule 23. Plaintiffs may not send notice of the pendency of the action to the remaining class members, and the ultimate judgment will not bind them. Defendant is entitled, at some point before trial, to a final list of the plaintiffs, *Roshto v. Chrysler Corp.*, 67 F.R.D. 28 (E.D. La.1975).

Next, defendant contends that plaintiffs' jury demand must be stricken because there is no right to trial by jury in ADEA actions and the relief sought is equitable. The gist of defendant's argument is that the ADEA seeks to remedy the same type of injury as does Title VII; that Title VII authorizes only equitable actions; that plaintiffs have no right to a jury under Title VII, and therefore, plaintiffs cannot obtain a jury trial under the ADEA. Defendant relies on *Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir. 1976), and *Pons v. Lorillard*, 69 F.R.D. 576 (M.D.N.Car.1976), *rev'd*, 549 F.2d 950 (4th Cir. 1977).

With all respect, we find the reasoning of courts which have allowed jury trials in ADEA actions to be more persuasive. *Bertrand v. Orkin Exterminating Co.*, 419 F.Supp. 1123, 1131–32 (N.D.Ill.1976); *Cleverly v. Western Electric Co.*, 69 F.R.D. 348 (W.D.Mo.1975); *Chilton v. National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974).

■ Plaintiffs have a right to a jury trial on demand if the ADEA creates legal rights and remedies and plaintiffs seek legal as well as equitable relief. *See Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). If plaintiffs demand both legal and equitable relief, they are entitled to a jury trial on the legal issues first. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

By its own terms, the ADEA authorizes legal remedies:

In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employ-

ment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. 29 U.S.C. § 626(b).

The fact that there is some overlap in the equitable remedies which may be granted under Title VII, 42 U.S.C. § 2000e–5(g), and the remedies under § 626 of the ADEA does not allow us to disregard the unambiguous language of § 626.

Plaintiffs have taken advantage of the broad remedial powers of § 626 and demanded a declaratory judgment, reinstatement, injunctive relief, back pay, attorneys fees and costs. Most significantly, plaintiffs seek $20,000 in damages for each plaintiff. Although reinstatement, injunctive relief, attorneys fees and costs are undoubtedly equitable remedies, declaratory relief and money damages are legal remedies.

Defendant contends that the only form of damages which plaintiffs can recover is back pay and back pay is equitable.[4] Plaintiffs have not specified what type of damages they seek. Through pretrial disclosures, defendants may discover whether plaintiffs seek only back pay or whether they also ask for punitive damages, damages for physical suffering, damages for mental humiliation, or damages for some other injury flowing from the mass layoffs of July 11, 1975. *See Murphy v. American Motors Sales Corp.*, 410 F.Supp. 1403 (N.D. Ga.1976) (sustaining demand for jury trial and claim for punitive damages). *But see Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (3d Cir. 1977) (damages for pain and suffering held not compensable under ADEA, but claim for lost wages characterized as legal relief).

Defendant's motion to strike the jury demand is denied without prejudice to renew it if, at the close of discovery, it appears that plaintiffs' only remaining claims are for equitable relief.

Defendant's motion to strike or dismiss is denied in all respects.

---

4. Courts have split on the issue of whether claims for back pay under the ADEA are legal or equitable. *Compare Morelock, supra,* and *Pons, supra, with Bertrand, supra.* We find the reasoning of *Cleverly* persuasive but find it unnecessary to resolve at this time whether back pay is a legal or equitable remedy because plaintiffs have requested other legal relief which entitle them to a jury trial.