Richard A. WAGNER, Plaintiff,

v.

LOEW'S THEATRES, INC. (Lorillard Division), Defendant.

No. C–76–426–G.

United States District Court, M. D. North Carolina, Greensboro Division.

April 6, 1977.

Martin N. Erwin, Greensboro, N. C., for plaintiff.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N. C., for defendant.

MEMORANDUM

GORDON, Chief Judge.

This matter is before the Court on defendant's motion to dismiss and strike the class action claims of the plaintiff embodied in Paragraphs VIII and IX of the plaintiff's complaint. The plaintiff is bringing suit claiming "deprivation of rights guaranteed by the Age Discrimination in Employment Act [29 U.S.C. § 621, et seq.] under the

procedures set forth in the Fair Labor Standards Act of 1938 [29 U.S.C. § 201, et seq.]."

■ It is the position of this Court, as set forth in more detailed form in a Memorandum and Order entered on May 19, 1976, in *Hill v. Western Electric Company*, No. C–76–36–G, 76 F.R.D. 4 that § 216 of Title 29 pre-empts the normal class action procedures of Rule 23, Federal Rules of Civil Procedure, in suits brought under the Age Discrimination in Employment Act. The plaintiff urges a reconsideration of that decision. Having reviewed the briefs submitted by the parties and additional decisions by other courts which have faced this question since the entering of the May 19, 1976, Memorandum and Opinion in *Hill*, it is concluded that the position set forth in *Hill* is correct and should be reaffirmed.

The plaintiff further contends that, in the event that the request for reconsideration fails, there is still a possibility for class action status under § 216 of Title 29. That section provides, in pertinent part, that, if a violation is proven, an employer

"shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

■ Courts have consistently held that § 216 creates a statutory class action right for any employee who seeks to "opt in" to a lawsuit brought under the Age Discrimination in Employment Act by filing an appropriate notice to that effect with the court. *Schmidt v. Fuller Brush Co.*, 527 F.2d 532 (8th Cir. 1975); *LaChapelle v. Owens-Illi-*

*nois, Inc.*, 513 F.2d 286 (5th Cir. 1975); *Hays v. Republic Steel Corp.*, 12 FEP Cases 1637 (N.D.Ala.1974), rev'd in part on other grounds, 531 F.2d 1307 (5th Cir. 1976); *McGinley v. Burroughs Corp.*, 407 F.Supp. 903 (E.D.Pa.1975).

Such notice need not be filed at the time the initial complaint is lodged. The opportunity to "opt in" continues at least until a reasonable time prior to the trial of the case. *Roshto v. Chrysler Corporation*, 67 F.R.D. 28 (E.D.La.1975); *Hays v. Republic Steel Corp., supra.*

■ There is only one plaintiff in this case at the present time; therefore, the defendant's motion to dismiss the class action claims of the plaintiff and to strike Paragraphs VIII and IX of the complaint is in order. If additional employees or former employees consent to join the suit, permission will be given for the plaintiff to amend his complaint in timely and appropriate fashion. This should not severely restrict discovery since in a private civil action under 29 U.S.C. § 216, as well as in a class action, evidence of a general pattern of age discrimination or the absence of it is material. *Laugesen v. Anaconda Company*, 510 F.2d 307 (6th Cir. 1975).

■ Since Rule 23, Federal Rules of Civil Procedure, is not applicable in this case, Local Rule 17(b) of the Middle District of North Carolina is also not applicable. The plaintiff remains concerned, however, about the extent to which he or his attorneys may contact potential class members and the manner in which such contact may be made. To avoid unethical conduct, the plaintiff requests that the Court improvise a notice procedure, similar to that used under Rule 23, and supervise any contact made by plaintiff or his attorneys with other potential class members. This the Court declines to do, concurring with the reasoning set forth in *Roshto v. Chrysler Corporation, supra:*

"It is readily apparent that the due process considerations which necessitate class notice in certain Rule 23 situations are not present in the case at bar. As

noted above, § 216(b) establishes an 'opt in' class action. Only those class members who file written consents· are permitted to become plaintiffs. Needless to say, any subsequent judgment in favor of the defendant is binding only upon those who have specifically opted in. Since the legal rights of those who fail to opt in can in no way be adversely affected by any such judgment, no due process interests of theirs can be at stake which need to be protected by the giving of notice.

"Moreover, there are important policy considerations of ancient vintage which militate strongly against the giving of notice where not required by due process. The awakening of sleeping plaintiffs by either the plaintiff or the Court would fly in the teeth of the centuries-old doctrine against the solicitation of claims. While we sympathize with the plight of the unascertained number of potential plaintiffs who may be entirely unaware of their legal rights, we must not put our imprimatur on a procedure designed to stir up litigation." 67 F.R.D. at 29–30.

There are potentially substantial ethical questions involved in the solicitation issue raised by counsel for the plaintiff. These are addressed in the Code of Professional Responsibility of the North Carolina State Bar (Appendix VII of the General Statutes of North Carolina), especially under Canon Two of the Code. Enforcing and interpreting the Code is properly the responsibility of the North Carolina State Bar, at least in the first instance. The Court declines to interfere with the accepted procedure available to counsel for resolving ethical questions facing members of the bar in North Carolina.