**John E. CLEVERLY, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, Defendant.**

**Civ. A. No. 74CV566–W–3.**

United States District Court, W. D. Missouri, W. D.

Sept. 26, 1975.

William F. Burns, Independence, Mo., for plaintiff.

Jack L. Whitacre, Spencer, Fane, Britt, Browne, Kansas City, Mo., for defendant.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S "MOTION TO STRIKE DEMAND FOR JURY TRIAL"

WILLIAM H. BECKER, Chief Judge.

This is an action by a former employee of defendant brought under the

---

Age Discrimination In Employment Act of 1967, Sections 621 *et seq.*, Title 29, United States Code (hereinafter referred to as "ADEA"). Plaintiff seeks reinstatement, back pay, liquidated damages, attorneys' fees and costs on the basis of his claim that he was discharged in violation of the ADEA. Plaintiff made a timely demand for a jury trial on all issues under Rule 38 of the Federal Rules of Civil Procedure. Defendant has now moved to strike the demand for a jury trial, and the action is presently before the Court on that motion.

The question of the right to a jury trial under the ADEA has been considered by only one other court. In *Chilton v. National Cash Register Company*, 370 F.Supp. 660 (S.D.Ohio 1974), defendant moved to strike plaintiff's demand for a jury trial in an action under the ADEA seeking damages, lost wages and benefits, liquidated damages, costs and attorneys' fees. Judge Rubin ruled that plaintiff had a right to a jury trial on the issues of damages, lost wages and benefits under the Seventh Amendment to the United States Constitution, but held that there was no right to a jury trial on the issues of liquidated damages, attorneys' fees and costs. For the reasons stated herein, the same conclusions are reached in this action except with respect to the issue of liquidated damages.

This action is brought under Section 7(b) of the ADEA, Section 626(b), Title 29, United States Code (hereinafter "Section 626(b)"), which authorizes employees to bring a civil action against an employer who has discriminated against employees between the ages of 40 and 65 on the basis of age. Section 626(b) adopts the "powers, remedies, and procedures" provided in the enforcement provisions of the Fair Labor Standards Act (hereinafter "FLSA"), Sections 211(b), 216 and 217, Title 29, United States Code.[1] However, nothing in the ADEA or its legislative history sheds any light on whether Congress intended for ADEA employee actions to be

---

1. This action is brought pursuant to Section 7(b) of the Age Discrimination Act, Section 626(b), Title 29, United States Code, which provides in pertinent part:

"(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title [Sections 11(b), 16 and 17 of the Fair Labor Standards Act of 1938] and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violation of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liabil-

ity for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section."

The material parts of the Fair Labor Standards Act to which the above provision makes reference provide in pertinent part:

"Section 216(b). Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . ."

"Section 217. The district courts . . . shall have jurisdiction for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ."

tried to a jury.[2] Therefore, it must be concluded that if a right to jury trial exists, it exists by virtue of the command of the Seventh Amendment.

The Seventh Amendment provides that ". . . [i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." This amendment has been construed to extend the right to jury trial not merely to the common law forms of action recognized in 1791, the date of its adoption, but to all actions in which "legal" as distinguished from "equitable" rights are to be ascertained. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Parsons v. Bedford*, 3 Pet. 433, 7 L.Ed. 732 (1830). The United States Supreme Court has counseled that "[t]he Seventh Amendment question depends on the nature of the issue to be tried rather than on the character of the overall action." *Ross v. Bernhard, supra*, 396 U.S. at 538, 90 S.Ct. at 738, 24 L.Ed.2d at 736. And, it is settled that the joinder of legal with equitable claims will not defeat the right to jury trial on the legal issues. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962). Finally, the Supreme Court has indicated that all doubts should be resolved in favor of jury trials in light of the strong federal policy favoring jury trials. *Ross v. Bernhard, supra; Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).

Whether the Seventh Amendment accords plaintiff a right to jury trial thus ultimately depends on whether the issues to be tried can be characterized as "legal" or "equitable." The Supreme Court, in *Ross v. Bernhard, supra*, endorsed a three-pronged test to determine whether an action can be characterized as "legal" or "equitable":

". . . the 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such question; second, the remedy sought; and, third, the practical abilities and limitations of juries." (396 U.S. at 538, n. [10], 90 S.Ct. at 738, 24 L.Ed.2d at 736.

Because the right to jury trial depends on the issues in controversy rather than on the character of the overall action as noted above, the conclusions reached with respect to the different claims for relief made may differ. Therefore, each claim will be considered independently.

### I. *Reinstatement.*

Plaintiff's first claim is that he is entitled to reinstatement in his old job or its equivalent because his discharge allegedly violated the ADEA. Reinstatement is clearly an equitable remedy. *Harkless v. Sweeny Independent School District*, 427 F.2d 319 (5th Cir. 1970); *Chilton v. National Cash Register Company, supra*. Therefore, the issue of reinstatement is not triable to a jury under the Seventh Amendment.

### II. *Back Pay.*

Plaintiff's second claim is for an award of back pay in an amount equal to either his previous wages or the minimum wages and overtime compensation due since the date of his discharge. Under the first prong of the *Ross v. Bernhard* test, a common law analogue to this and similar actions has been found in the common law action for breach of contract by wrongful discharge. *Chilton v. National Cash Register Company, supra; Ochoa v. American Oil Company*, 338 F.Supp. 914 (S.D.Tex.1972). See also; *St. Clair v. Local U. No. 515 of Int. Bro. of Teamsters, Inc.*, 422 F.2d 128 (6th Cir. 1969).[3] Alternatively, the

---

2. 1967 United States Code, Congressional and Administrative News, pp. 2213–2227.

3. The measure of damages—wages and benefits due less any wages and benefits earned

action may be viewed as an action sounding in tort with the ADEA merely creating a new legal duty on the part of the employer. *Cf.: Hablas v. Armour and Company*, 270 F.2d 71 (8th Cir. 1959). Defendant has cited several cases under Title VII of the Civil Rights Act of 1964, Sections 2000e *et seq.*, Title 42, United States Code, in which awards of back pay have been analogized to the equitable remedy of restitution considered to be an integral part of the equitable remedy of reinstatement.[4] *See: Curtis v. Loether, supra*, 415 U.S. at 197, 94 S.Ct. 1005, 39 L.Ed.2d at 268; *Rogers v. Loether*, 467 F.2d 1110, 1121 (7th Cir. 1972), affirmed *sub nom. Curtis v. Loether, supra*. However, the Title VII cases are distinguishable from ADEA cases because Congress authorized only equitable relief under Title VII while it authorized both legal and equitable relief under the ADEA.[5] Finally, the conclusion herein that claims

for back pay should be considered "legal" is supported by the pre-merger characterization of claims for minimum wages and overtime compensation under the FLSA, Section 216(b), Title 29, United States Code (hereinafter "Section 216(b)") made applicable to ADEA actions by Section 626(b), *supra*.[6]

Damages are the traditional form of relief offered in courts of law. *Curtis v. Loether, supra*. Therefore, a legal characterization of the claim for back pay is supported by the second prong of the *Ross v. Bernhard* test.

Finally, it does not appear that the nature of the issue or the computation of the back pay award would be beyond the practical capabilities of a jury. *Chilton v. National Cash Register Company, supra*. Therefore, the third prong of the *Ross v. Bernhard* test for ascertaining whether a claim should be characterized as "legal" is satisfied. The

from other employment—is the same for both actions. *Compare: Brennan v. Ace Hardware Corporation*, 495 F.2d 368 (8th Cir. 1974)—measure of damages under Age Discrimination Act; *with*, 11 *Williston on Contracts*, Section 1358 (1968); 56 C.J.S. Master and Servant § 50; 53 Am.Jur.2d, Master and Servant, Section 60.

4. Defendant cites: *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969); *Cheatwood v. Southern Central Bell Telephone & Telegraph Co.*, 303 F.Supp. 754 (D.Ala.1969); *Hayes v. Seaboard Coast Line R. R. Co.*, 46 F.R.D. 49 (D.Ga.1968). *See also: Harkless v. Sweeny Independent School District, supra*—action under Civil Rights Act of 1871, Section 1983, Title 42, United States Code. *Compare:* the statutory language of Section 2000e–5(g), Title 42, United States Code:

". . . the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

*With*: the authorization of both legal and equitable relief under Section 626(b), Title 29, United States Code, quoted *supra*, n.[1].

5. Actions to recover minimum wages and overtime compensation under Section 216(b), Title 29, United States Code, have been analogized to the common law action of debt or assumpsit. *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965); *Lewis v. Times Publishing Co.*, 185 F.2d 457 (5th Cir. 1950); *Martin v. Detroit Marine Terminals, Inc.*, 189 F.Supp. 579 (E.D.Mich.1960); *Olearshick v. American Steel Foundries*, 73 F.Supp. 273 (W.D. Pa.1947).

6. Section 11 of the Portal-To-Portal Act, Section 260, Title 29, United States Code, provides:

"In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."

claim for back pay is thus to be considered a "legal" issue for which the Seventh Amendment accords a right to jury trial.

### III. *Liquidated Damages.*

In *Chilton v. National Cash Register Company, supra*, it was concluded that the issue of liquidated damages was committed by Congress to the discretion of the court and hence was not triable to a jury. The court relied on *McClanahan v. Mathews*, 440 F.2d 320 (6th Cir. 1971) which held that award of liquidated damages under Section 216(b), *supra*, of the FLSA was committed to the court's discretion by virtue of Section 11 of the Portal-To-Portal Act of 1947, Section 260, Title 29, United States Code (hereinafter "Section 260"); and on the fact that actions under Section 626(b) of the ADEA are considered to be actions under Section 216(b) of the FLSA. However, for the reasons stated herein, it is concluded that Section 260 is not applicable to actions under the ADEA and that the issue of liquidated damages is triable to a jury.

Under Section 216(b) of the FLSA as originally enacted, liquidated damages were to be awarded as a matter of right whenever liability for minimum wages or overtime compensation was established. In 1947, Congress passed the Portal-To-Portal Act, *supra*, which, *inter alia*, provided that the court could reduce or eliminate the award of liquidated damages ". . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938 . . ." Section 260, *supra*. When Congress enacted the ADEA, it made the "powers, remedies, and procedures" of Section 216(b) of the FLSA applicable to ADEA actions, but it did not expressly, or by implication, make Section 260 of the Portal-To-Portal Act

applicable to such actions. Rather, Congress merely modified the strict liability for liquidated damages under Section 216(b) by providing in Section 626(b) of the ADEA that liquidated damages should be awarded ". . . only in cases of willful violations . . . ." That limitation would be mere surplusage if Section 260, *supra*, were intended to apply, and "[a] statute ought, upon the whole to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant." *Market Co. v. Hoffman*, 101 U.S. 112, 115–116, 25 L.Ed. 782, 783 (1879), quoted in *United States v. Campos-Serrano*, 404 U.S. 293, 301 n. [14], 30 L.Ed.2d 457, 464, 92 S.Ct. 471 (1971). It is thus concluded that Congress did not intend for Section 260, *supra*, to apply to ADEA actions.

In the absence of an expression of congressional intent, the Seventh Amendment test set forth in *Ross v. Bernhard* will again be applied. Liquidated damages are merely an additional form of relief for the "legal" action to recover back pay. The common law analogues for such actions have been considered, *supra*. Liquidated damages, having aspects of both actual and punitive damages, are a traditionally legal form of relief. *Curtis v. Loether, supra*. The issue of "willfulness" and the computation of liquidated damages are well within the practical abilities of a jury. Therefore, the Seventh Amendment accords a right to jury trial on this issue.

### IV. *Attorneys' Fees and Costs.*

The award of attorneys' fees and costs is expressly committed to the court's discretion under Section 216(b), *supra*, which is made applicable to this action by Section 626(b), *supra*. Congress has clearly manifested its intent that this issue is not to be committed to a jury. *Chilton v. National Cash Register Company, supra*. The only remaining issue is whether the Seventh Amendment requires a contrary result. Attorneys'

fees and costs were not allowed at common law. *Aleyska Pipeline Service v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, 147 (1975). In light of the absence of a common law analogue, and the equitable nature of the issue, it is concluded that the Seventh Amendment does not require that this issue be submitted to the jury.

For the above reasons, it is therefore

Ordered that defendant's motion to strike the jury demand be, and it is hereby, denied with respect to the issues of back pay and liquidated damages. It is further

Ordered that defendant's motion to strike the jury demand be, and it is hereby, granted with respect to the issues of reinstatement, attorneys' fees and costs.