Conrad **RECHSTEINER, III,** Plaintiff,

v.

**MADISON FUND, INC.,** a Delaware Corporation, Defendant.

Civ. A. No. 76–293.

United States District Court, D. Delaware.

June 27, 1977.

Thomas Herlihy, III, of Herlihy & Herlihy, Wilmington, Del., for plaintiff.

S. Samuel Arsht, and A. Gilchrist Sparks, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant, Richard Z. Freeman, Jr., of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

MURRAY M. SCHWARTZ, District Judge.

The plaintiff, Conrad Rechsteiner, III ("Rechsteiner"), has filed this action under the provisions of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Presently before the Court are several motions submitted by the defendant, Madison Fund,

Inc. ("Madison Fund"), pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1]

The amended complaint[2] alleges that Rechsteiner was employed for 28 years by Madison Fund in an unspecified capacity. In September, 1975, the defendant informed Rechsteiner that he was no longer to report to work, but Madison Fund continued to pay him for several months thereafter. The amended complaint further alleges that in January, 1976, the plaintiff received a notice from Madison Fund that he would be separated from service, effective February 15, 1976. Rechsteiner stopped receiving payroll checks "soon thereafter."[3] The plaintiff contends that his termination of employment occurred less than eight months prior to the date he would qualify for early retirement benefits.

Count I of the amended complaint alleges that Rechsteiner's employment with Madison Fund was terminated because of his age in violation of the ADEA, 29 U.S.C. § 623(a)(1). As relief, the plaintiff seeks reinstatement for a time sufficient to qualify for early retirement benefits, lost wages, attorney's fees and liquidated damages. 29 U.S.C. § 626(b). Rechsteiner also requests damages for emotional and psychic distress caused by the allegedly wrongful discharge. At argument on defendant's motion to strike this claim, counsel for the plaintiff conceded that a recent Third Circuit case, *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (3d Cir. 1977), holds such damages not recoverable under the ADEA. Accordingly, the defendant's motion to strike that claim for damages will be granted.

Count II of the amended complaint asserts that Madison Fund failed to furnish upon request by the plaintiff certain information about his rights in and benefits under the defendant's pension plan. Rechsteiner contends that the actions by the defendant constitute a violation of ERISA and seeks injunctive relief to obtain the information and damages in accordance with the provisions of ERISA. *See* 29 U.S.C. § 1132(c).

Count III of the amended complaint is styled as a claim for unjust enrichment based on the termination of the plaintiff's employment and the consequent asserted loss of his pension benefits. To remedy this injury Rechsteiner seeks attorney's fees, restoration of early retirement benefits and certain money damages.

Count IV of the amended complaint is a breach of contract claim. Briefly stated, the plaintiff contends that an authorized agent of the defendant orally promised to retain Rechsteiner on the payroll from September, 1975 to October, 1976 in order to permit him to qualify for early retirement pension benefits. By terminating him from the payroll in early 1976, Rechsteiner alleges that Madison Fund breached the oral contract and therefore he should be awarded monetary and equitable relief.

There are four motions by the defendant before the Court: (1) a motion to strike the claim in Count I for liquidated damages; (2) a motion to strike the demand for jury trial on Count I; (3) a motion to strike Count III; (4) a motion to dismiss Count IV for want of jurisdiction. These motions will be treated seriatim.

### I. *Motion to Strike Claim for Liquidated Damages*

█ The defendant's motion to strike the plaintiff's claim under Count I for liquidated damages is based on the contention that the amended complaint fails to set out with sufficient specificity the grounds on which the plaintiff is relying to justify an award of liquidated damages. The Court finds this motion without merit.

---

1. The defendant originally moved to strike a demand for a jury trial on Count II and for a more definite statement with respect to Count II. The plaintiff responded in his answering brief that he was not seeking a jury trial on Count II. Doc. 14 at 28. Further the plaintiff subsequently filed an Amended Complaint (Doc. 19) which set out in more detail the facts in support of his claim under Count II. Therefore, it is assumed the matters raised by these motions are no longer in contention.

2. Doc. 19.

3. Doc. 19, Paragraph 7.

Liquidated damages can only be awarded if the violation of the ADEA was willful.[4] Thus, the plaintiff's complaint must comply with Rule 9 as well as Rule 8 of the Federal Rules of Civil Procedure. Rule 9(b) permits a plaintiff to plead a "condition of mind" in general terms, in contrast to the requirements for pleading fraud or mistake. *See generally Wright & Miller, Federal Practice and Procedure: Civil* § 1301 (1969). In Count I, the plaintiff has alleged the facts surrounding his discharge, that his termination from employment by the defendant was in violation of the ADEA and that it was done willfully. The Court finds that these general allegations satisfy the liberal pleading requirements of Rules 8 and 9 and accordingly, the motion to strike the claim for liquidated damages will be denied. If defendant requires more knowledge of the alleged underlying factual basis which supports plaintiff's claim for liquidated damages, it need only take advantage of available discovery tools under the Federal Rules of Civil Procedure.

II. *Motion to Strike Plaintiff's Demand for Jury Trial on Count I*

Defendant has moved to strike the plaintiff's demand for a jury trial on certain of the issues raised in Count I of the amended complaint. Briefly stated, Madison Fund contends that neither the ADEA itself nor the Seventh Amendment nor the decisional law interpreting closely analogous statutes entitles the plaintiff to a jury trial.[5] For purposes of analyzing the defendant's argument, each of the issues raised in Count I will be treated separately. Attention will be addressed first to the claim for back pay.

A. *Lost Wages*

■ Recently the Third Circuit has held that a jury trial is proper in the context of an ADEA suit seeking only money damages. *See Rogers v. Exxon Research and*

*Engineering Co., supra.* Defendant asserts that *Rogers* is inapposite to the case at bar because Rechsteiner is seeking equitable relief in the form of reinstatement and the money damages requested are merely incidental to the equitable relief. I do not read the *Rogers* holding so narrowly.

Count I of the amended complaint alleges a violation of the ADEA. As remedy for that wrongful act, the plaintiff seeks both money damages for, *inter alia,* lost wages and equitable relief in the form of reinstatement and the award of attorney's fees. Thus, the plaintiff is alleging one claim and seeking both equitable and monetary relief to vindicate that claim.[6] The *Rogers* court stated:

A suit for damages consisting of back wages arising out of a breach of an employment agreement is a routine contract action where the parties would be entitled to a jury under the Seventh Amendment. The fact that the right to recover wages is granted not by common law but by statute does not change the essential nature of the case. *Rogers v. Exxon Research and Engineering Co., supra,* at 838.

The defendant's position would seem to be that once equitable relief is sought in an ADEA case, the "essential nature of the case" does change and the entire action must be tried to the Court. The defendant appears to exclude exactly what the Supreme Court in *Ross v. Bernhard* contemplated: to preserve a party's right to a jury trial a Court may have to separate legal and equitable issues. 396 U.S. 531, 537–38; 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The *Ross* holding reaffirmed earlier Supreme Court decisions that require, as a general rule, legal issues to be tried prior to equitable issues where both are presented in the same case. *See Dairy Queen v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 8 L.Ed.2d 44

**4.** 29 U.S.C. § 626(b).

**5.** Rule 38(a) of the Federal Rules of Civil Procedure provides:

The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

**6.** *See* 5 *J. Moore, Federal Practice* ¶ 38.17 at 162.11 (1976).

(1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Indeed the Court in *Dairy Queen* expressly dealt with a contention very similar to the one urged here: "[The holding in *Beacon Theatres*], of course, applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not." (footnote omitted) *Dairy Queen v. Wood, supra* 369 U.S. at 473, 82 S.Ct. at 897. *See also Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.,* 294 F.2d 486, 491 (5th Cir. 1961).

The defendant contends that ADEA cases are closely analogous to cases decided under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g). Various courts of appeals have held that a party is not entitled to a jury trial in an action seeking back pay and reinstatement under 42 U.S.C. § 2000e–5(g). *See Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir. 1971), *cert. denied,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1972); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969); *cf. Marshall v. Electric Hose & Rubber Co.,* 413 F.Supp. 663 (D.Del.1976).

There are significant differences between the statutory language authorizing remedial relief in Title VII cases and the language of 29 U.S.C. § 626(b), (c) which incorporates by reference sections of the Fair Labor Standards Act, 29 U.S.C. §§ 216, 217. Title VII provides in relevant part:

"[T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . ., or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g). 29 U.S.C. § 626(b) provides in relevant part: ". . . In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section."

Similarly, 29 U.S.C. § 626(c) provides in relevant part:

"Any person may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter . . . ."

The contrast between the two statutes is striking. The clear inference from the wording of the Title VII section is that Congress contemplated only equitable relief and hence the award of any monetary relief can only be viewed as part of that equitable remedy. Section 626, however, equally clearly permits a party to seek legal relief and Congress characterized it as such. Just as the Supreme Court in *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), found the analogy between Title VII and Title VIII cases inapposite insofar as the right to a jury trial was concerned, this Court finds the defendant's suggested analogy between Title VII and ADEA cases similarly unconvincing.

Finally, the Court finds that the plaintiff's claim for back pay properly meets the requirements set out in *Ross v. Bernhard, supra.*[7] First, the Third Circuit, as noted above, has characterized a suit for back pay under the ADEA as an unexceptional contract case. One would expect such a case, prior to the merger of law and equity in 1938, to be tried before a jury as a legal claim. Second, the relief sought is a traditionally legal remedy.[8] Third, the issues

---

**7.** "As our cases indicate, the 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries. . . ." (*Ross v. Bernhard,*

396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970)).

**8.** The Court is aware that money damages may not always constitute legal relief. *Cf. Curtis v.*

involved in determining whether the defendant is liable for back pay and, if so, in what amount, are within the practical abilities of a jury. *See Cleverly v. Western Electric Co.*, 69 F.R.D. 348, 351 (W.D.Mo. 1975).

Therefore, I conclude that the plaintiff's claim for back pay based on the defendant's alleged violation of the ADEA is properly an issue for a jury. The defendant's motion to strike the demand for jury on that claim will be denied.

### B. *Reinstatement*

The plaintiff concedes that an order to reinstate the plaintiff constitutes equitable relief. Therefore, no discussion of this issue is required.

### C. *Attorney's Fees and Costs*

The plaintiff's right to recover attorney's fees and costs of this action is provided in 29 U.S.C. § 216(b), which is made applicable to ADEA suits by 29 U.S.C. § 626(b). The statute by its terms commits the award of the fees and costs to the discretion of the court. *See Chilton v. National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974); *Cleverly v. Western Electric Co.*, *supra*, 69 F.R.D. at 352. Accordingly, the plaintiff is not entitled to a jury trial on this issue and the defendant's motion will be granted.

### D. *Liquidated Damages*

29 U.S.C. § 626(b) provides for the award of liquidated damages in "cases of willful violation." The defendant contends that the issue of willfulness is committed to the discretion of the court and is not properly a jury issue.

*Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

9. The *Rogers* court expressly declined to decide the question because it was not raised on appeal. *Rogers v. Exxon Research and Engineering Co.*, *supra*, at n. 14.

10. 29 U.S.C. § 260 provides in relevant part:

The law on this issue is somewhat uncertain. *Compare Cleverly v. Western Electric Co.*, *supra*, 69 F.R.D. at 352, *and Chilton v. National Cash Register Co.*, *supra*, 370 F.Supp. at 666.[9] In the context of ADEA cases, the precise problem might be phrased as one of "double" statutory incorporation, that is, whether 29 U.S.C. § 626(b) by its incorporation of 29 U.S.C. § 216 also incorporates the Portal to Portal Act, 29 U.S.C. § 260. Under the Fair Labor Standards Act, 29 U.S.C. § 216(b), an employer who violates certain provisions of the Act is strictly liable not only for actual unpaid wages but also liquidated damages in an amount equal to the unpaid wages. In 1947, Congress passed the Portal to Portal Act, 29 U.S.C. § 260,[10] to modify the impact of Section 216 of the Fair Labor Standards Act. The Portal to Portal Act permits a judge in his discretion to reduce the amount of liquidated damages due the plaintiff upon a showing of the defendant's good faith and the reasonableness of his actions. The ADEA, 29 U.S.C. § 626(b), makes the provisions of Section 216 applicable to the ADEA, but limits the award of liquidated damages to cases of willful violation. What the ADEA does not state is whether the Portal to Portal Act provisions are also to apply to age discrimination cases.

In *Chilton v. National Cash Register Co.*, *supra*, the court held that the Portal to Portal Act is also applicable to ADEA cases and, thus, the issue of liquidated damages should be tried to the court. 370 F.Supp. at 666. The *Cleverly* court, however, noted that section 626(b) only refers to section 216 and the court should not infer that Congress intended section 260 to apply. *Cleverly v. Western Electric Co.*, *supra*, 69 F.R.D. at 352. Further, the court noted that Congress amended section 216 as it applies to ADEA cases by requiring that

"[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that the act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."

the violation be willful prior to imposing liquidated damages. It is difficult for this Court to understand how one could have a willful violation of the ADEA and the defendant still be able to show good faith. Id. It is more likely that Congress intended by its imposition of the willfulness requirement to accomplish much of what it intended to accomplish by passage of the Portal to Portal Act: to reduce the severe sanction on employers imposed by 29 U.S.C. § 216 in cases where the employer has acted in good faith. *See Hays v. Republic Steel Corp.,* 531 F.2d 1307 (5th Cir. 1976). Accordingly, it is held that 29 U.S.C. § 260 is not applicable to ADEA cases and jury consideration of the issue of willfulness is proper if the issue meets the tests of *Ross v. Bernhard,* supra.[11]

The assessment of liquidated damages depends directly on the assessment of damages for back pay. Since the analogy between common law actions and an action for back pay has been treated above, that discussion need not be repeated here. It is difficult to place the statutory construct of "liquidated damages" in a category cognizable under pre-merger law. Indeed, this problem was anticipated by the Supreme Court when it acknowledged that the factor of pre-merger analogies "is obviously the most difficult to apply." *Ross v. Bernhard, supra,* 396 U.S. at 538 n. 10, 90 S.Ct. at 738. It is concluded, however, based on the close relationship between back pay and liquidated damages, and the conclusion reached with respect to the other two *Ross* factors discussed below that the issue of willfulness and the computation of liquidated damages is a question for the jury.

The second *Ross* factor clearly weighs heavily for the plaintiff. Liquidated damages have characteristics similar to actual and punitive damages and thus appear as a not uncommon legal remedy. *See Cleverly v. Western Electric Co., supra,* 69 F.R.D. at 352.

The third *Ross* factor also strongly favors characterizing liquidated damages as a "legal" issue. A jury is fully capable of deciding the question of willfulness and computing the damages. Accordingly, the Court concludes that the question of liquidated damages is properly one for a jury. The defendant's motion to strike the demand for a jury trial on the issue of liquidated damages will be denied.

### III. *Motion to Strike Count III*

█ The defendant has moved to strike Count III of the amended complaint as redundant and immaterial. The basis for the motion is that Count III allegedly restates the contentions set out in Count I. Although the defendant's position eventually may be vindicated, the Court finds it premature to strike the count at this time.

█ It is well-settled that a motion to strike allegedly redundant and immaterial matter is not favored and that such a motion will not be granted unless the matter clearly is not relevant to the litigation. *See Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *Lemon v. Sloan,* 340 F.Supp. 1356, n. 5 (E.D.Pa.1972). Further, even if an allegation is perhaps redundant, it should not be stricken if there is no prejudice to the moving party. *See Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n,* 365 F.Supp. 975, 982 (E.D.Pa.1973). In the case at bar, the plaintiff's theory of unjust enrichment set out in Count III may turn out to be no different from the claims asserted under Count I. At this early stage in the litigation, however, since the subject matter of Count III does appear relevant and since the defendant has not alleged or shown any prejudice caused by the presence of Count III in the amended complaint, it is concluded that the motion to strike Count III should be denied.

### IV. *Motion to Dismiss Count IV for Want of Jurisdiction*

█ Count IV of the amended complaint alleges a claim under state law for breach of contract. The defendant has moved to dismiss the claim for want of jurisdiction.

11. *See* pp. 503–04, n.7.

The plaintiff contends that federal jurisdiction exists under the doctrine of pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). In the leading case in this area of federal jurisdiction, *United Mine Workers v. Gibbs, supra,* the Supreme Court established a two step test. First, a court must resolve whether it has the power to hear the state claim. If so, then a court must next decide in the exercise of its discretion whether that constitutional power ought to be invoked. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 725–26, 86 S.Ct. 1130.

To determine whether the constitutional power to hear the pendent state claim exists, the Court must examine: (1) whether the federal claim is substantial; (2) whether the pendent claim "derive[s] from a common nucleus of operative fact"; (3) whether the state and federal claims are such that one "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138.

The defendant does not contend that the federal cause of action asserted by Rechsteiner is insubstantial. Rather, Madison Fund argues that the state and federal claims lack "a common nucleus of operative fact." Obviously, there is no common nucleus between the contract claim and the claim based on an alleged violation of ERISA. As to the ADEA claim, the defendant asserts that plaintiff's allegations center around his termination by Madison Fund in September, 1975. According to the defendant, Count IV, by contrast, is based on the plaintiff's contention that he entered into an oral contract with the defendant at the time of his termination that was intended to assure he qualified for early retirement benefits even though his original employment contract was no longer in effect. Under this analysis, facts leading up to the

September 4, 1975, termination are relevant to Count I and facts surrounding and subsequent to the September 7–8 alleged oral contract are relevant to Count IV.

The plaintiff alleges in his amended complaint that the termination from employment did not occur until January, 1976, when Madison Fund notified him that he was to be separated from the company. Under this theory, the breach of the alleged contract entered into in September and the ADEA violation occurred at the same time.

If the Court were to adopt the defendant's construction of the facts, the constitutional power to hear the pendent claim perhaps would be a close question. But that is an issue that need not be reached. The plaintiff has alleged a sufficient factual basis for the Court to infer the requisite common nucleus between the state and federal claim.

Quite clearly in order to establish his cause of action under the ADEA, the plaintiff must have had an employee/employer relationship with Madison Fund. The plaintiff contends that the oral contract allegedly executed in September formed the basis for that relationship. Therefore, as part of the proof of the ADEA violation, the plaintiff will have to prove the existence of the contract. Further, defenses that the defendant might have to a simple breach of contract claim, such as noncompliance with the statute of frauds, would also be raised to contest the plaintiff's ADEA claim. Accordingly, it is concluded that a sufficient "common nucleus of operative facts" exists to give this Court pendent jurisdiction over Count IV. Moreover, at this relatively early stage of the proceedings, the Court believes that the considerations of judicial economy, convenience, and fairness to the litigants dictate that it exercise its discretionary jurisdictional power to hear the pendent claim. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. 1130.[12]

---

12. Similarly, on this record, it appears that the questions of state contract law will have to be decided whether or not Count IV remains in this suit. Hence, dismissal of Count IV would not avoid an unnecessary decision of state law. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. 1130.

Notwithstanding this conclusion, it should be made clear what the Court is not deciding. Most importantly, the Court is not resolving the conflicting characterizations of the events that occurred between September, 1975 and February, 1976. Whether there was an enforceable agreement to continue the plaintiff's salary for 13 months as severance pay is an issue that must await, at the very least, a fuller development of the record in this case and, perhaps, litigation of the issue at trial. Likewise, the Court is not deciding whether the alleged discriminatory act occurred in January when notice of termination of the salary checks was given or September, when the plaintiff was told not to report to work any more. These issues, and other related ones, are not ripe for decision and the Court declines to treat them prematurely. At this point, to defeat the motion to dismiss it is sufficient for the plaintiff to have alleged a factual basis to support the exercise of this Court's pendent jurisdiction.

The Court notes with substantial concern that the plaintiff has not alleged compliance with 29 U.S.C. § 633. *See* 19 Del.C. § 710 *et seq.* Nor has the defendant raised this issue in its motion. Although the Third Circuit has not expressly held compliance with section 633 to be a jurisdictional prerequisite to filing suit in federal court, it has indicated that the requirements of that section "should be strictly followed and enforced." *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13, 16–17 (3d Cir. 1974). *Compare Smith v. Schlitz Brewing Co.,* 419 F.Supp. 770, 774 (D.N.J.1976) *and McGinley v. Burroughs,* 407 F.Supp. 903, 908 (E.D.Pa.1975). In order to clarify the record, the plaintiff will be ordered to file within 20 days of the date of this Opinion an affidavit describing his compliance with 29 U.S.C. § 633.

Submit order on notice.