Duane BERTRAND, Plaintiff,

v.

ORKIN EXTERMINATING COMPANY, Defendant.

No. 76 C 1337.

United States District Court, N. D. Illinois, E. D.

March 8, 1978.

---

See also D.C., 419 F.Supp. 1123.

William J. Cooney, John C. Ruppert, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for plaintiff.

Fred R. Kimmel, Arvey, Hodes, Costello & Burman, Chicago, Ill., Robert C. D. McDonald, Bacheller, Shade & McDonald, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Duane Bertrand brought this action under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, asserting that he had been removed from his position as defendant's Branch Manager in Kankakee, Illinois, because of his age. He was transferred to a sales position in the Kankakee Branch Office on May 1, 1973, from which position he resigned on July 1, 1973. Defendant contended that age was not a motivating factor in the transfer decision and that the sales position was reasonably equivalent to the Branch Manager position. On November 9, 1977, the jury returned a verdict in favor of plaintiff, for $25,000 damages, and indicated through a special interrogatory that $10,000 of the award was for pain, suffering and humiliation. Now before the court are defendant's motion for judgment notwithstanding the verdict or a new trial and plaintiff's prayer for supplementary equitable relief.

At every stage of this litigation so far, the court has been forced to untangle knotty questions of statutory construction lurking within the ADEA, and these post-trial motions are no exception. Defendant's motion rehashes all of the issues which have been previously considered. It argues that the ADEA does not permit recovery for pain and suffering; that the pain and suffering claim was time-barred under the two-year Illinois personal injury statute of limitations; that the case should not have been tried to a jury; and that the jury should have been instructed that they could award damages for plaintiff's loss of em-

ployment, as opposed to the transfer from Branch Manager to salesman, only if it found that the change in working conditions occasioned by the transfer was so intolerable that plaintiff was constructively discharged. The court's resolution of the jury trial issue has recently been confirmed by the Supreme Court, *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The pain and suffering and limitations issues were thoroughly briefed and considered in the court's two previous memorandum opinions, and defendant raises no new arguments. The constructive discharge issue, however, arose in the final preparation of jury instructions, and a brief discussion is appropriate to clarify the court's reasoning.

Defendant tendered an instruction which relied on the concept of constructive discharge as developed in cases arising under the National Labor Relations Act. This concept, which has been employed in other civil rights cases, requires a showing that the employer deliberately forced the employee to resign by imposing intolerable working conditions. *See Young v. Southwestern Savings & Loan Ass'n.*, 509 F.2d 140 (5th Cir. 1975). In this case, however, it was not necessary to show that defendant had constructively discharged plaintiff from his position as a salesman in order to establish liability under the ADEA, because defendant had concededly removed plaintiff from his job as Branch Manager. This removal would in itself establish a violation of the ADEA, if, as the jury found, it were motivated by age, and would leave only the question of the proper measure of damages.

■ The court had previously found that the ADEA created a new statutory tort, which should be redressed according to the ordinary principles of tort law. This was the rationale of its decision on the pain and suffering and jury trial issues. Accordingly, the court found it appropriate to instruct the jury according to ordinary tort law damage principles rather than to adopt the technical concept of constructive discharge as developed under the National Labor Relations Act. It therefore instructed the

jury to find that defendant was liable for damages caused by Bertrand's resignation as a salesman only if his resignation were proximately caused by his removal as Branch Manager and if his refusal to retain the position as salesman were an unreasonable failure to mitigate his damages. These instructions were phrased in classic tort law terminology and were consistent with the law of the case as developed in the earlier damages and jury trial rulings. The court does not now consider them prejudicial error.

■ The remainder of defendant's motion goes to the weight of the evidence and the excessiveness of the damages. The court finds that there was sufficient evidence in the record to support all aspects of the jury's verdict.

■ Finally, defendant contends that the form of the verdict rendered by the jury was prejudicial because it employed the word "guilty" and because it failed to provide for a verdict in favor of defendant. The prejudicial effect of the single word "guilty", if any, was insignificant in light of the careful instructions given concerning the standard of liability under the ADEA, and the fact the jury was specifically instructed that it could not award punitive damages. As to the second point, the jury was given two separate forms of verdict, one to be used if the verdict favored plaintiff and one if the verdict favored defendant. This is the normal practice in this court, and does not treat either party with favoritism. Moreover, defendant failed to raise either of these points during the extensive discussion of jury instructions, and the court will not now overturn the jury's verdict on such trivial grounds. The motion for a new trial or for judgment notwithstanding the verdict will be denied.

Plaintiff's prayer for further relief requests liquidated damages of $25,000, an order reinstating him to his former position as Branch Manager, with full pension rights restored, and an injunction against further acts of discrimination or retaliation, back pay from the date of the court's final judgment order until he is reinstated, and attor-

ney's fees. The remainder of this opinion will constitute the court's findings of fact and conclusions of law for purposes of F.R. Civ.P. 52(a).

■ Evaluation of plaintiff's claim for $25,000 in liquidated damages requires analysis of the interaction of three separate labor statutes. The Fair Labor Standards Act ("FLSA") provides that an employee who is paid at below the minimum wage may bring an action to recover the additional compensation and "an additional equal amount as liquidated damages". It is well established that this double recovery is not penal in nature, but is intended to compensate employees for "damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945).

■ The FLSA was amended by § 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260, to provide that if the employer shows "to the satisfaction of the court" that it acted in good faith, the court may "in its sound discretion" reduce or eliminate entirely the liquidated damages. Two points should be noted about this statute. First, the employer's good faith is a question of fact for the court, even when the rest of the case has been tried to a jury. *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971). Second, the finding of good faith does not automatically remit the liquidated damages; the court still must exercise its discretion as to whether to remit the damages in whole or in part. *McClanahan, supra; see also Employees of the Department of Public Health & Welfare v. Department of Public Health & Welfare*, 452 F.2d 820, 826 (8th Cir. 1971), *aff'd on other grounds*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).

The ADEA incorporates the enforcement provisions of the FLSA, providing:

"Amounts owing to a person as a result of a violation of this [act] shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of [the FLSA]: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this [act]." 29 U.S.C. § 626.

Plaintiff argues that the entire $25,000 jury award consists of "amounts owing . . . as a result of a violation" of the ADEA; that the jury returned a finding of willfulness; that there are no facts indicating the defendant acted in good faith and therefore that he is entitled to a total award of $50,000. Defendant counters that "willful" for purposes of the proviso to the ADEA is something more than the mere knowledge of the possible applicability of the ADEA which the jury found; that the issue of liquidated damages should have been given to the jury and cannot now be determined by the court; and that at any rate only the $15,000 award for loss of compensation should be doubled.

The role of liquidated damages and the effect of the Portal-to-Portal Act thereon has been a continuing source of controversy in actions under the ADEA. In *Cleverly v. Western Electric Co.*, 69 F.R.D. 348, 352–53 (W.D.Mo.1975), the court noted that the ADEA did not refer specifically to the Portal-to-Portal Act and concluded that the purpose of that Act was served in ADEA actions by the provision that liquidated damages could be recovered only for willful violations, which would be redundant if the court could remit liquidated damages on a finding of good faith. Therefore, it held that the question of liquidated damages should be submitted to the jury on a willfulness instruction. *See also Fellows v. Medford Corp.*, 431 F.Supp. 199 (D.Ore. 1977); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 15 F.E.O. Case 216 (D.Del. 1977).

The opposite approach is illustrated by two cases from the Fifth Circuit. In *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir. 1971), the court construed § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, which provides that the two-year statute of limitations for FLSA actions is extended to three years for "willful" violations. The court interpreted willful to mean only acting with the knowledge that the FLSA could be applicable. It concluded that an

employer could act in good faith for purposes of the remission of liquidated damages, but still be willful for statute of limitation purposes, if it knew about the FLSA but honestly believed that it was not in violation.

In *Hays v. Republic Steel Corp.*, 431 F.2d 1307 (5th Cir. 1976), the court held that "willful" in the proviso to the ADEA had the same meaning as "willful" in the FLSA statute of limitations, and consequently that there was no inconsistency in finding that an employer had acted willfully but in good faith in an ADEA case. The court then examined the history and purpose of the ADEA and § 11 of the Portal-to-Portal Act and concluded that Congress intended to include the Portal-to-Portal Act when it incorporated FLSA enforcement procedures into the ADEA.

■ This court finds *Hays* and *Coleman* more persuasive than *Cleverly*. The Fifth Circuit's definition of "willful" is the ordinary tort law definition which has been applied in other ADEA cases, *see McClanahan v. Mathews, supra,* 440 F.2d at 322–23; *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324, 334–35 (D.N.J.1975), *vacated on other grounds,* 550 F.2d 834 (3d Cir. 1977). In fact, it was the definition given the jury in this case. Moreover, the Fifth Circuit's careful analysis of the distinction between willfulness and bad faith in the context of the statutory scheme of the FLSA and ADEA is far more persuasive than the *Cleverly* court's simple assertion that the two concepts are identical. Accordingly, the court finds that § 11 of the Portal-to-Portal Act applies to actions under the ADEA. The court recognizes that there is some language in the Supreme Court's recent *Lorillard* opinion which could be read to support a different conclusion, 434 U.S. at 581, 98 S.Ct. at 870 and n. 8. However, in that case the parties had agreed that the liquidated damages issue would be resolved by the court rather than the jury, and no question regarding liquidated damages was before the Supreme Court. *Id.* at 577, 98 S.Ct. at 868 n. 2. Accordingly, the Court did not consider any

of the issues carefully reviewed by the Fifth Circuit in *Hays* and *Coleman*, and its reference to the liquidated damages is at most dicta.

■ The court instructed the jury that it could award plaintiff compensatory damages only if it found defendant's actions were willful, as defined in *Hays* and *Coleman*. Thus, the willfulness proviso of the ADEA has been satisfied, and the court must consider defendant's good faith. Defendant has offered evidence that it frequently transfers its branch managers and other personnel. There was evidence presented in the case that defendant's district manager, Robert Podbevsek, stated that he wanted some "new blood" in the Branch Manager's position. Although it is possible that this statement was in reference to plaintiff's age, the court finds it more likely that defendant merely wanted to try out a new manager, not necessarily a younger one. This conclusion is strengthened by the fact that defendant gave plaintiff a guarantee against his sales commissions which insured that he would not suffer a salary cut because of the transfer. Taking the evidence as a whole, the court finds that defendant exercised its business judgment in good faith in transferring plaintiff rather than deliberately discriminating against him on account of his age.

■ The final question is whether this is an appropriate case of the court to exercise its discretion to remit the liquidated damages. There is a serious question in this case as to whether plaintiff could recover the liquidated damages even if defendant had acted in bad faith. As noted above, the liquidated damages provision is remedial, not punitive, in nature, and is designed to compensate employees for "obscure" and difficult-to-measure damages. In this case, however, plaintiff chose to submit all his damages, including "obscure" damages such as pain, suffering and humiliation, to the jury, which assessed his damage at $10,000. The doctrine of election of remedies precludes a plaintiff from recovering twice for the same injury under separate remedial provisions. *See Alexander v.*

**84**

*Gardner-Denver Co.*, 415 U.S. 36, 51 n. 14, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *compare Bostwick v. Cohen*, 319 F.Supp. 875 (N.D.Ohio 1970), *with Eby v. Reb Realty, Inc.*, 495 F.2d 646, 651 (9th Cir. 1974). However, the court need not decide the difficult question of whether plaintiff should be held to have elected his remedy by submitting his pain and suffering damages to the jury, since the avoidance of duplicative recoveries is a proper ground for a discretionary remission of damages under the Portal-to-Portal Act. *See Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 229 (7th Cir. 1972). Accordingly, plaintiff's prayer for liquidated damages will be denied.

■ Plaintiff has also requested an order reinstating him in his position as Branch Manager and awarding him back pay until he is reinstated, together with an injunction against any further discrimination. This relief would in practical effect give plaintiff a permanent position as Branch Manager, a post currently held by another man. The court is not convinced at this point that such relief is warranted in this case. Defendant has stated its willingness to offer plaintiff a comparable position in its organization. Accordingly, the court will continue this prayer for relief to give the parties a chance to explore possible positions which plaintiff could fill; if they fail to reach an agreement, the court will take further evidence to determine whether a reinstatement order is appropriate.

Plaintiff's request for attorney's fees is clearly authorized by the FLSA, but there is no point in directing him to submit a schedule of his fees and expenses until the reinstatement question is settled.

IT IS HEREBY ORDERED that defendant's motion for judgment notwithstanding the verdict or a new trial be, and the same hereby is, denied. IT IS FURTHER ORDERED that plaintiff's prayer for further relief be denied as to liquidated damages and continued as to all other issues.